KANSAS CITY LIFE INSURANCE COMPANY v DURANT

Docket No. 44285. Submitted May 6, 1980, at Lansing—Decided
September 2, 1980. Leave to appeal applied for.

Plaintiff, Kansas City Life Insurance Company, brought an action
to recover a deficiency on mortgages of defendants' property
held by plaintiff following foreclosure sales of the property and
for damages arising out of a breach of an alleged oral contract.
Oakland Circuit Court, Robert L. Templin, J., found no cause of
action as to the breach of contract claim and awarded payment
to plaintiff on its claim of deficiency. Defendants appeal. Plain-
tiff moved for delayed cross-appeal seeking review of the trial
court's decision precluding it from charging an increased rate
of interest upon defendants' default, which motion was granted
by the Court of Appeals. Defendants allege 1) that the trial
court erred in allowing plaintiff to recover any interest since it
found plaintiff had violated the usury statute, 2) that plaintiff
is barred from recovery of interest due to its noncompliance
with the loan disclosure requirements of the Regulation of
Interest Act, and 3) that the trial court erred in deciding that
the prices bid on their property at the foreclosure sale were
reasonable rather than engaging in a preliminary finding of
fact as to the market value of the premises. *Held:*

1. The trial court erred in two respects. First it applied the
wrong subsection of the usury statute and found that plaintiff
had violated its provisions by increasing the rate of interest
charged defendant upon default. According to that subsection,
such violation would mandate the denial of the recovery of any
interest. Secondly, the trial court subsequently awarded plain-
tiff interest at the original rate, contrary to the statute's
provisions. Plaintiff's increase in the interest rate upon defen-

REFERENCES FOR POINTS IN HEADNOTES

[1] 45 Am Jur 2d, Interest and Usury §§ 63, 64, 67.
   55 Am Jur 2d, Mortgages §§ 149, 151.
[2] 45 Am Jur 2d, Interest and Usury § 307.
[3] 45 Am Jur 2d, Interest and Usury § 35.
[4] 5 Am Jur 2d, Appeal and Error § 646.
   58 Am Jur 2d, New Trial § 16.
[5] 55 Am Jur 2d, Mortgages §§ 918, 922.

dants' default is in compliance with the provisions of the controlling subsection, which clearly applies to the facts presented as to the amount of the mortgage and the nature of the security, and which does not contain a restriction against the increasing of interest rates initially effective.

2. Failure to furnish a loan settlement statement as required by statute is not one of the circumstances delineated in the statute which mandates forfeiture of interest. Such failure cannot provide the basis for denying plaintiff recovery of interest.

3. The foreclosure statute requires that the amount bid on real property at a foreclosure sale must be a substantial reflection of the true value of the property to allow recovery of a deficiency. Although it would have been preferable for the trial court to frame its decision in language borrowed from the statute, its failure to do so does not obscure its findings which were based on the testimony of experts concerning the market value of the properties.

Affirmed in part, reversed in part.

1. INTEREST — STATUTORY LIMITATIONS ON RATES — REMEDY FOR VIOLATION — STATUTES.

A statute provides that the parties to a mortgage of less than $100,000, the bona fide primary security for which is a first lien against real property other than a single family residence, may agree in writing for the payment of any rate of interest, but such mortgage shall not provide that the rate of interest initially effective may be increased, and the appropriate statutory remedy for violation of these provisions by charging a higher rate of interest upon default is to deny the payment of any interest (MCL 438.31c[2], [9]; MSA 19.15[1c][2], [9]).

2. INTEREST — REGULATION OF INTEREST ACT — FORFEITURE OF INTEREST — STATUTES.

Forfeiture of interest is mandated by the terms of a statute on loan disclosure requirements, where an agreement does not comply with the provisions of the Regulation of Interest Act and where a seller or lender charges interest in excess of that allowed by the act (MCL 438.32; MSA 19.15[2]).

3. INTEREST — LOAN SETTLEMENT STATEMENT — STATUTES.

Failure of a lender to furnish a borrower with a loan settlement statement does not affect the validity of the loan agreement, nor provide a basis for denying interest payments due the lender (MCL 438.31b; MSA 19.15[1b]).

4. APPEAL — PRESERVATION OF ISSUES — MOTIONS — COURT RULES.

Failure of a party to move for a new trial does not waive issues for appeal which were objected to during trial and which were ruled upon by the trial judge in accordance with court rule (GCR 1963, 517.1).

5. MORTGAGES — FORECLOSURE STATUTE — ACTIONS FOR DEFICIENCY.

The foreclosure statute requires that the amount bid on real property at a foreclosure sale must be a substantial reflection of the true value of the property to allow recovery of a deficiency against the mortgagor, and a failure of a trial court to frame its findings regarding the market value of such property in an action to recover a deficiency will not obscure the findings where they are based on expert testimony concerning the value (MCL 600.3280; MSA 27A.3280).

*Patterson & Patterson, Whitfield, Manikoff, Ternan & White* (by *Robert G. Waddell*), for plaintiff.

*Howard R. Grossman,* for defendants.

Before: CYNAR, P.J., and M. J. KELLY and T. GILLESPIE,* JJ.

M. J. KELLY, J. This action arose out of a loan by plaintiff to defendants. Defendants defaulted, and plaintiff subsequently foreclosed two mortgages it held as security. Plaintiff then brought this action for the deficiency and for damages arising out of breach of an alleged oral contract under which defendants were obliged to care for the properties between the time of foreclosure and the date plaintiff took possession. Following a bench trial, the court found no cause of action as to the breach of contract claim and awarded plaintiff $100,629.53 on the deficiency claim. Defendants appeal as of right, and plaintiff filed a motion for delayed cross-appeal which was granted by this Court.

Defendants executed a promissory note payable

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to plaintiff in the amount of $450,000. As security for the note, defendants executed mortgages covering certain properties in Ferndale and Marine City, Michigan. Defendants stopped making payments on the note after January 20, 1975. At that time, the principal balance due on the note was $426,648.48, with interest paid to January 1, 1975. Defendants failed to pay the 1973, 1974, and 1975 real estate taxes on the properties. Plaintiff later paid these taxes. At foreclosure sales, the Ferndale property was sold for $251,000, and the Marine City property was sold for $150,000. Plaintiff itself bid in the properties at the foreclosure sales.

Benjamin Beyer, a real estate appraiser, appraised the Ferndale and Marine City properties at plaintiff's request. Beyer placed the cash market value of the Ferndale property at $255,000 and of the Marine City property at $160,000. Donald J. Hartman, also a real estate appraiser, appraised the properties at defendants' request. Hartman's conclusion as to the fair market value of the Ferndale property was $295,000 and as to the fair market value of the Marine City property, $180,-000.

William Schalekamp, a member of plaintiff's legal department, testified as to the deficiency. His computation as to the deficiency was a follows:

"[$]426,648.48 is the beginning balance. Interest up— I'll try to divide this so I don't get it mixed up.
"Interest from 1-1-75 to 12-

\*   \*   \*

[Argument of counsel omitted]
"Is [$]37,331.74. Then interest from 12-31-75 to 2-27-76 which is the date of the sale at Ferndale, $5,932.17; total of [$]469,912.39, less the price of the Ferndale property [$]251,000; [$]218,912.34 [sic, $218,912.39] then is the balance after that sale. And interest then at—

excuse me. This is a slightly different calculation inside the board. Then I have taxes of $6,405.54, interest to 6-28-76 of $6,349.66 and interest on the taxes for that period of $96.74. Leaves a total of [$]231,764.33, and that is as of 6-28-76 at which time the Marine City property was sold for $150,000 at foreclosure leaving then a balance of $81,764.33. Per diem interest at $19.60 to today is $18,865.20 for a total as of 2-13-79 of $100,629.53."

The trial court found that plaintiff had violated the usury statute, MCL 438.31c; MSA 19.15(1c), by increasing, upon defendants' default, the rate of interest charged from 8-3/4% to 10%. The trial court held that plaintiff could only recover interest at 8-3/4%. Defendants argue that the trial court should not have allowed plaintiff to recover *any* interest, citing MCL 438.32; MSA 19.15(2):

"Any seller or lender or his assigns who enters into any contract or agreement which does not comply with the provisions of this act or charges interest in excess of that allowed by this act is barred from the recovery of any interest, any official fees, delinquency or collection charge, attorney fees or court costs and the borrower or buyer shall be entitled to recover his attorney fees and court costs from the seller, lender or assigns."

If, in fact, plaintiff violated the interest statute by charging a higher rate upon default, defendants are correct in claiming that the appropriate statutory remedy is to deny *any* interest to plaintiff. However, plaintiff submits that the default rate, included within the loan agreement from its inception, does not constitute excess interest and therefore does not trigger application of MCL 438.32; MSA 19.15(2). Resolution of the threshold question, then, requires interpretation of MCL 438.31c(2); MSA 19.15(1c)(2), which provides:

"(2) For the period ending on December 31, 1981, it is lawful for the parties to a note, bond, or other evidence of indebtedness, executed after August 11, 1969, the bona fide primary security for which is a first lien against real property, or a land lease if the tenant owns a majority interest in the improvements thereon, or the parties to a land contract, to agree in writing for the payment of any rate of interest, *but the note, mortgage, contract, or other evidence of indebtedness shall not provide that the rate of interest initially effective may be increased for any reason whatsoever.*" (Emphasis added),

and MCL 438.31c(9); MSA 19.15(1c)(9), which provides:

"For the period ending on December 31, 1981, the parties to a note, bond, or other indebtedness of $100,000.00 or more, the bona fide primary security for which is a lien against real property other than a single family residence, or the parties to a land contract of such amount and nature, may agree in writing for the payment of a rate of interest."

Careful examination of the above two subsections and MCL 438.32; MSA 19.15(2) leads us to conclude that the trial court erred in two respects. If, in fact, the present agreement violated subsection 2, defendant may not recover *any* interest. We are convinced, however, that subsection 9 is controlling here. The loan totaled $450,000, secured by mortgages on two industrial plants. Subsection 9 clearly applies to this amount and nature of security, does not distinguish between first and second liens, and does not contain the restriction against increased interest rates provided in subsection two.

Defendants next contend that plaintiff is barred from recovery of any interest according to MCL 438.32; MSA 19.15(2) due to its noncompliance

with the loan disclosure requirements of MCL 438.31b; MSA 19.15(1b), which provides:

"A state or national bank, insurance company or lender approved as a mortgagee under the national housing act or regulated by a federal agency shall furnish a loan settlement statement to a borrower upon closing of the loan, indicating in detail the charges the borrower has paid or obligated himself to pay the lender or to any other person in connection with the loan. A copy of the statement shall be retained in the records of the lender."

There is some dispute between the parties as to whether defendants' attorney, who solely represented defendants at closing in their absence, received such a document at closing or several months later and whether his receipt on their behalf constituted sufficient statutory compliance. Defendants also argue that the statement itself was deficient for failure to include the cost of life insurance which was a prerequisite to obtaining the loan. We need not address these particular questions since, assuming, arguendo, that plaintiff did fail to comply with the above disclosure statute, such noncompliance does not trigger application of MCL 438.32; MSA 19.15(2). The statute clearly delineates only two circumstances which mandate forfeiture of interest: (1) where the *agreement* does not comply with the provisions of the Regulation of Interest Act and (2) where the seller or lender charges interest in excess of that allowed by the act. Failure to furnish a loan settlement statement does not fall within either of the above categories. The statement itself is to consist of a detailed list of charges already agreed upon by the parties. It does not affect the validity of the loan agreement. Therefore, failure to supply the bor-

rowers with such a statement is not a basis for denying interest payments due to plaintiff. *Cf. Michigan Loan Ass'n v Cahill,* 253 Mich 358; 235 NW 182 (1931). While we agree with defendants in the sense that noncompliance with the disclosure requirement ought to result in some form of sanction against the lender, such a provision must originate with the Legislature.

Finally, in an attempt to defeat the deficiency judgment against them, defendants assign error to the trial court's decision that the prices bid on the property at the foreclosure sale were "reasonable". It is defendants' position that their challenge under MCL 600.3280; MSA 27A.3280, dealing with mortgage foreclosures, requires a preliminary finding of fact by the trial court as to the market value of the premises subject to foreclosure, rather than a determination that the "bid-in" price was reasonable. Before addressing the merits of this issue, we first decide that the issue was properly preserved for appeal in spite of defendants' failure to move for a new trial. Such procedure is not required. *Bunda v Hardwick,* 376 Mich 640, 672; 138 NW2d 305 (1965), GCR 1963, 517.1.

At issue here is the following finding of the trial court:

"Even though there is a conflict of testimony as to what the property was worth (and admittedly, a foreclosure sale is not ideal as far as it tends to obtain optimum results pricewise as an open sale on the market) the Court is of the opinion that in light of all the testimony, weighing the testimony of the experts, the bid-in price was a reasonable price; the Court has ruled earlier as to the interest rate to be maintained at the eight and three quarters per cent interest, not ballooning to the ten per cent interest indicated in the contract."

Although it would have been preferable for the trial court to frame its decision in language borrowed from MCL 600.3280; MSA 27A.3280, *i.e.,* whether "* * * the property sold was fairly worth the amount of the debt secured by it at the time and place of sale or that the amount bid was substantially less than its true value", its failure to do so does not obscure its finding. The court referred to the expert testimony offered by both parties as to the market value of the property and held that, based upon that evidence, the bid-in price was reasonable. The fact that the court recognized that foreclosure sales do not generally result in the seller obtaining the *highest possible* price for the property does not negate the fact that its decision was based on the testimony of experts concerning the market value of the properties. A finding that the offer was "reasonable" clearly indicates that the amount of the bid was not substantially less than the true value of the property, which is all that the statute requires.

Affirmed in part, reversed in part.