JANCZYK v DAVIS

Docket No. 57568. Submitted January 20, 1983, at Detroit.—Decided
May 17, 1983. Leave to appeal applied for.

Valerie Janczyk filed suit in Wayne Circuit Court against Mary
E. Davis and R. Hiley Davis, alleging that she received bodily
injuries as a result of an automobile accident in which the
automobile in which she was riding was struck by an automo-
bile operated by Mary Davis and owned by R. Hiley Davis.
Subsequently, the case was remanded to the Detroit Common
Pleas Court pending the outcome of mediation. Thereafter, the
plaintiff served the defendants with certain requests for admis-
sions. A joint answer to the requests for admissions was filed by
the defendants. The answer was signed by the defendants'
attorney and was not verified by the defendants. The Common
Pleas Court denied plaintiff's motion for summary judgment
because plaintiff did not personally sign the request for admis-
sions. Subsequently, an order vacating the order for removal
was entered and provided that if the mediation award was
greater than $10,000, the case was to remain in the circuit
court. A mediation award over $10,000 was rendered and the
case remained in circuit court. The circuit court, Joseph B.
Sullivan, J., entered judgment for the defendants on a jury
verdict of no cause of action. The plaintiff appealed, alleging
that (1) the common pleas judge erred in denying her motion
for summary judgment because the defendants did not properly
comply with the applicable court rule regarding answers to
requests for admissions, and (2) the trial court erred in refusing
to direct a verdict for her. *Held:*

1. The order denying the plaintiff's motion for summary
judgment was neither a judgment nor a final order. The circuit
court judge never ruled on the issue. The common pleas court
judge based his decision on the incorrect assumption that

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 5, 6] 29 Am Jur 2d, Evidence § 597.
[2] 5 Am Jur 2d, Appeal and Error § 555.
[3] 4 Am Jur 2d, Appeal and Error § 51.
[7] 4 Am Jur 2d, Appeal and Error §§ 110, 112.
	57 Am Jur 2d, Negligence § 7.

plaintiff was required to sign the requests for admissions. The case should be remanded to the circuit court to allow it to exercise its discretion with regard to whether the defendants should be allowed to file late answers. The circuit court should consider (1) whether or not allowing the defendants to answer late would aid in the presentation of the action, (2) whether or not the plaintiff would be prejudiced by allowing defendants to file a late answer, and (3) the reason for the delay. If the circuit court, after balancing the above factors, decides that in its discretion the defendants should be allowed to file their verified answers late, the jury's verdict should be affirmed. If the circuit court believes that defendants should not be allowed to file late answers on enough of the requests it should order a new trial or grant summary judgment for the plaintiff.

2. The circuit court did not err in refusing to direct a verdict for the plaintiff.

Remanded with instructions.

1. PRETRIAL PROCEDURE — REQUEST FOR ADMISSIONS.

The sanctions for failing to properly respond to a request for admissions are not self-executing and a party should not wait until after the trial to claim that the requests were admitted by the opposing party.

2. APPEAL — PRESERVING QUESTION — NEW TRIAL.

Failure of a party to move for a new trial does not waive issues for appeal which were objected to during the trial and which were ruled upon by the trial judge.

3. APPEAL — FINAL ORDERS.

A final order of a court must fully adjudicate the parties' rights to be subject to appeal.

4. PRETRIAL PROCEDURES — REQUEST FOR ADMISSIONS — FAILURE To ANSWER — COURT RULES.

A party's failure to answer another party's request for admissions will generally constitute an admission of the truth of the statements contained in the request and the request should be deemed admitted unless the party served with the request either denies the validity of the statements under oath or objects to the request for admissions (GCR 1963, 312.1).

5. PRETRIAL PROCEDURES — REQUEST FOR ADMISSIONS — LATE ANSWERS.

A trial judge has discretion to allow a party to a lawsuit to file

late answers or even to amend or withdraw the answers to an opposing party's request for admissions.

6. PRETRIAL PROCEDURES — REQUEST FOR ADMISSIONS — LATE ANSWERS.

A trial judge should balance three factors in determining whether or not to allow a party to file late answers to an opposing party's request for admissions: (1) whether or not allowing the party to answer late will aid in the presentation of the action; (2) whether or not the other party would be prejudiced by a late answer; and (3) the reason for the delay.

7. APPEAL — MOTIONS AND ORDERS — NEGLIGENCE.

The Court of Appeals, in reviewing a denial by a trial court of a directed verdict or a judgment notwithstanding the verdict in a negligence case tried by a jury, considers the proofs presented and the reasonable inferences to be drawn therefrom in a light most favorable to the nonmoving party, and where reasonable minds could differ as to whether the defendant was negligent, the question should be decided by the jury, and the trial court's denial should be affirmed.

*Posner, Posner & Posner* (by *Samuel Posner* and *Gerald F. Posner*), for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P.C.* (by *C. F. Boyle, Jr.*), for defendants.

Before: T. M. BURNS, P.J., and R. M. MAHER and HOOD, JJ.

T. M. BURNS, P.J. On December 16, 1980, a jury returned a verdict of no cause of action in this case. Plaintiff appeals as of right.

On August 10, 1973, defendant Mary Davis was driving a car owned by her father, defendant R. Hiley Davis, on eastbound I-94 in the evening rush hour traffic. Unfortunately, she accidentally hit the car in front of her. Plaintiff was a passenger in that car. Eventually, plaintiff sued defendants. Although the case was filed in the Wayne County Circuit Court, it was subsequently remanded to the

Detroit Court of Common Pleas pending the outcome of mediation. Because the mediation award was for over $10,000, however, the case was reassigned to the circuit court.

While the case was still pending in the common pleas court, plaintiff filed a motion for summary judgment. Earlier, on July 20, 1979, plaintiff had filed 24 requests for admissions. Defendants answered these requests four days later. However, rather than having either defendant sign them, defendants' attorney signed the answers. He also failed to have them verified. GCR 1963, 312.1 states:

"Request for Admission. After the commencement of an action a party may serve upon all other parties a written request for the admission by a designated party * * * of the truth of any relevant matters of fact set forth in the request. * * * Each of the matters of which an admission has been requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters, or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part, together with a notice of hearing the objections at the earliest practicable time."

Because neither defendant either signed or verified the answers as the rule requires, plaintiff argued that defendants had, in fact, admitted the requests for admissions. Therefore, she argued that she was entitled to a summary judgment.

On February 22, 1980, the common pleas judge denied the motion to strike the answers and for partial summary judgment "on the ground that plaintiff did not personally sign the request for admissions as required by GCR 1963, 312.1". Defendants now concede that GCR 1963, 312.1 does not require a plaintiff to personally sign the request for admissions.

On appeal, plaintiff argues that the common pleas judge incorrectly denied her motion for partial summary judgment. Defendants first argue that this issue is not properly before this Court because plaintiff failed to raise it in the motion for a new trial. The sanctions for failing to properly respond to a request for admissions are not self-executing. A party cannot wait until after the trial to claim that the request was admitted. *Curylo v Curylo,* 104 Mich App 340, 346; 304 NW2d 575 (1981); *People ex rel Reynolds v Aldridge,* 107 Ill App 3d 679; 63 Ill Dec 346; 437 NE2d 1268 (1982); *Massey v Haupt,* 632 P2d 824 (Utah, 1981); *Gilbert v General Motors Corp,* 133 F2d 997 (CA 2, 1943), *cert den* 319 US 743; 63 S Ct 1031; 87 L Ed 1700 (1953). However, plaintiff has in fact properly preserved this issue for appeal. A motion for a new trial is "not necessary to preserve for appellate review alleged errors ruled upon by the trial judge". *Smith v Jones,* 382 Mich 176, 184; 169 NW2d 308 (1969). See also *Bunda v Hardwick,* 376 Mich 640, 672; 138 NW2d 305 (1965); *Kansas City Life Ins Co v Durant,* 99 Mich App 754; 298 NW2d 630 (1980), *lv den* 410 Mich 911 (1981).

Actually, the circuit court trial judge never ruled on this issue. Instead, the common pleas judge did. Conceivably, MCL 728.4; MSA 27.3654 (now repealed) controlled this case:

"In all cases in which any of the parties to the

litigation feel themselves aggrieved by the judgment, or final order of the common pleas court, appeal or certiorari shall lie within 20 days of the date of the judgment or order, to the circuit court of the county for review * * *."

However, the order denying the motion for summary judgment in the present case was neither a judgment nor a final order. For a final order to be appealable, it must fully adjudicate the parties' rights. *Jones v Jones,* 72 Ohio Abs 259; 134 NE2d 735 (1952); *O'Toole v Suzanne Remy, Inc,* 194 Misc 799; 87 NYS2d 908 (1949); *Biggins v Oltmer Iron Works,* 154 F2d 214 (CA 7, 1946). This case was originally filed in the circuit court. It was merely temporarily removed to the common pleas court pending the outcome of mediation. Thus, it did not go from the common pleas court to the circuit court on appeal. At the time that the motion was denied, it was in fact denied by the trial judge. A new trial judge was merely later assigned to the case.[1]

In fact, the normal reasons that would require the circuit judge to first pass on this issue do not apply here. One reason is to fully develop the record for appellate review. See generally *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973). Because this is a legal issue, it has been sufficiently developed. Another reason is to commit a decision to the trial judge's discretion whenever the issue requires it. See generally *People v Henry,* 395 Mich 367, 376; 236 NW2d 489 (1975). However, this issue was committed to the trial

[1] Plaintiff could have sought interlocutory review of the denial of summary judgment. *Belt v Ritter,* 18 Mich App 495; 171 NW2d 581 (1969), aff'd 385 Mich 402; 189 NW2d 221 (1971). However, we do not require parties to file interlocutory appeals to preserve the issue for appeal. Neither do we require a party to refile motions before each new trial judge assigned to the case.

judge's discretion when the motion for summary judgment was filed.

Defendants next argue that the common pleas judge correctly denied the motion to strike—though for an incorrect reason. They claim that, because a number of the questions were improper, their failure to verify their answers cannot be held as admissions.

Generally, where a party fails to answer, the requests are taken as admitted. *DeGrove v Sanborn,* 70 Mich App 568; 246 NW2d 157 (1976); *Woodrow v Johns,* 61 Mich App 255; 232 NW2d 688 (1975). Some courts have in fact ruled that, even if a party fails to respond, the request will not be held admitted if the questions were improper. *Pickens v Equitable Life Assurance Society of the United States,* 413 F2d 1390 (CA 5, 1969); *General Accident Fire & Life Assurance Corp, Ltd v Cohen,* 203 Va 810; 127 SE2d 399 (1962). However, *General Accident* was criticized in Comment, *Procedure Rule 36—Request for Admissions,* 65 W Va L Rev 243, 244 (1963): "In so ruling, that court apparently ignored the express provisions of the rule which require either a denial or an objection to the request." We believe that the better rule is cited in 8 Wright & Miller, Federal Practice & Procedure, § 2259, p 725:

"A party who fails to respond to a request should be held to have admitted it even though the request was objectionable * * *. It is needlessly wasteful of judicial effort to allow a party to obtain a reversal on appeal because of an objection he could have but failed to make when the request was served."

The rule's plain language states that a request "shall be deemed admitted" unless the party served with the request either denies the request

under oath or objects. Because defendants failed to do either, the requests should have been held to have been admitted.[2]

Among the cases that hold that requests are admitted if unanswered even if they are improper are *ASEA, Inc v Southern Pacific Transportation Co,* 669 F2d 1242 (CA 9, 1981); *Rutherford v Bass Air Conditioning Co, Inc,* 38 NC App 630; 248 SE2d 887 (1978); *Morast v Auble,* 164 Mont 100; 519 P2d 157 (1974), and *Williams v Krieger,* 61 FRD 142 (SD NY, 1973).

Verification is required to "impress upon a party of whom admission is requested the gravity of his responsibility". Comment, 65 W Va L Rev 243, 245, *supra.* The requests should have been held to have been admitted as if they had not been answered: "[a] response even though sufficient in substance to constitute a 'denial', is held to be an admission if not under oath as required by the rule". Anno: *What constitutes a "denial" within federal rule of civil procedure 36 and similar state statutes and rules pertaining to admissions before trial,* 36 ALR2d 1192, 1193 (1954). See also *Robinson v Navajo Freight Lines, Inc,* 70 NM 215, 219; 372 P2d 801 (1962); *White River Limestone Products Co v Missouri-Pacific R Co,* 228 Ark 697; 310 SW2d 3 (1958). Furthermore, these admissions may form the basis of a summary judgment. In *Farish v Lum's, Inc,* 267 So 2d 325 (Fla, 1972), the defendant filed his answers timely but failed to verify them. Even though his attorney pleaded that the inadvertence was his own personal fault, the trial judge granted summary judgment. The Florida Court of Appeals reversed. However, the

---

[2] Conceivably, GCR 1963, 313.3, allowing expenses and attorneys' fees, could be the proper sanction. However, it assumes that the party has denied the requests. In this case, defendants, in failing to verify, did not deny anything.

Florida Supreme Court reinstated the judgment and ruled that the trial judge had not abused his discretion.[3] See also *Johnson v Town of Haverstraw,* 102 Misc 2d 923; 425 NYS2d 192 (1980); *Heuer v Basin Park Hotel & Resort,* 114 F Supp 604 (WD Ark, 1953); *United States v Laney,* 96 F Supp 482 (ED SC, 1951); *Batson v Porter,* 154 F2d 566 (CA 4, 1946); *Billingslea v Greaves,* 196 SW2d 945 (Tex Civ App, 1946).[4]

However, the failure to properly answer the requests for admissions does not mean that the trial judge must automatically enter summary judgment even if (as here) the admissions cover the entire suit. The trial judge has the discretion to allow the party to file late answers or even to amend or withdraw the answers. *Hartford Ins Group Co v Mile High Drilling Co,* 96 Mich App 455; 292 NW2d 232 (1980); *Hartley & Parker, Inc v Florida Beverage Corp,* 348 F2d 161 (CA 5, 1965); *Kaiser Steel Corp v Westinghouse Electric Corp,* 55 Cal App 3d 737; 127 Cal Rptr 838 (1976). See also *Benton v McCarthy,* 23 FRD 235 (SD NY, 1959).

When a trial judge is asked to decide whether or not to allow a party to file late answers to the request for admissions, he is in effect called upon to balance between the interests of justice and diligence in litigation. *Hadra v Herman Blum Consulting Engineers,* 74 FRD 113 (ND Tex, 1977).

[3] Florida's rule no longer requires verification. See *Melody Tours, Inc v Granville Market Letter, Inc,* 413 So 2d 450 (Fla App, 1982); *Florida Fish Distributors, Inc v Norwegian Caribbean Lines, Inc,* 328 So 2d 240 (Fla App, 1976), *cert den* 336 So 2d 1181 (Fla, 1976).

[4] Some courts have held that, even though the rule requires verification, under certain circumstances the attorney may sign his own name to the answers and have his signature verified. *Dodd v Cowgill,* 85 Nev 705; 463 P2d 482 (1969); *In re Weill's Estate,* 35 Misc 2d 64; 229 NYS2d 503 (1962); *contra Stocker v Hall,* 269 Ark 468; 602 SW2d 662 (1980). However, in this case, defendants' attorney did not have his signature verified on the answers.

One court has characterized the situation as follows: "The severity of the sanctions should be tempered by a consideration of the equities involved." *Carey v Klutzick,* 653 F2d 732, 739 (CA 2, 1981). In other words, a rigid rule is sometimes unjustified; but too lenient a rule will undermine the policy of the court rule itself. *Riley v Northern Commercial Co, Machinery Div,* 648 P2d 961 (Alas, 1982).

*Fredericks v General Motors Corp,* 48 Mich App 580, 588; 211 NW2d 44 (1973), *lv den* 390 Mich 805 (1973), stated that the policy behind GCR 1963, 312.1 is "to limit areas of controversy and save time, energy, and expense which would otherwise be spent in proffering proof of matters properly subject to admission". However, in order to enforce this policy, the requests are deemed admitted if unanswered: "Yet too liberal sufferance by the court of a litigant's sloth would undermine a valuable policy furthered by Rule 36(a)—the elimination of uncontested issues and expedition of trial." *Hadra, supra,* 74 FRD 114.

Therefore, the trial judge is to balance three factors in determining whether or not to allow a party to file late answers. First, whether or not allowing the party to answer late "will aid in the presentation of the action". *Farmers Elevator Co of Horace v Nagel,* 307 NW2d 580, 586 (ND, 1981). In other words, the trial judge should consider whether or not refusing the request will eliminate the trial on the merits. Obviously, this factor militates against granting summary judgment. Second, the trial court should consider whether or not the other party would be prejudiced if it allowed a late answer.[5] Third, the trial court

---

[5] This particular prejudice is prejudice in proving the case. *Brook Village North Associates v General Electric Co,* 686 F2d 66 (CA 1, 1982). In *Hanchar Industrial Waste Management, Inc v Wayne Recla-*

should consider the reason for the delay: whether or not the delay was inadvertent. See *Schmid v Olsen,* 107 Wis 2d 270; 320 NW2d 15 (1982); *In re Eickman Estate,* 291 NW2d 308 (Iowa, 1980); *Warren v International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America,* 544 F2d 334; 46 ALR Fed 810 (CA 8, 1976).

The cases of *Lattendresse v Lattendresse,* 294 NW2d 742 (ND, 1980), *Morrison v Wyrsch,* 93 NM 556; 603 P2d 295 (1979), and *Woods v Stewart,* 171 F2d 544 (CA 5, 1948), were all remanded because the trial courts had not balanced the factors properly when they granted summary judgment. In *Morrison,* the answers had only been signed by the attorney. In remanding, the court noted that "the purpose of pleading is to facilitate the proper decisions on the merits. * * * All pleadings should be construed as to do substantial justice." 93 NM 560. However, the court also stated: "[I]f the court properly considered this matter and then deemed as admitted all the matters requested by Morrison, there 'is no genuine issue as to any material fact' and Morrison is 'entitled to a judgment as a matter of law'." *Id.* The trial court had given no reasons for its decision. In *Lattendresse* and in *Woods,* the courts ruled that the lower courts had erred in not giving the answering parties time to file late answers.

The present case is rather complicated because the common pleas judge based his decision on an incorrect assumption and thus never exercised his discretion. We believe that the best course is to remand to the circuit court to allow it to exercise its discretion. Plaintiff's requests are hereby

*mation & Recycling, Inc,* 418 NE2d 268 (Ind App, 1981), the trial court had allowed the party to change its answers. The Court of Appeals, however, remanded because the trial court had not considered possible prejudice to the other party.

deemed admitted because defendants failed to properly respond. However, the trial court may in its discretion allow defendants to properly file late answers. In weighing its discretion, the trial court is to balance all three factors. For example, was plaintiff prejudiced in either her trial preparation or in the trial itself by defendants' failure to properly respond to the requests? In striking this balance, the trial court is to hold against defendants their failure to ever offer to verify the answers either before the trial court or on appeal. On the other hand, the trial court may also consider allowing defendants to verify a particular answer late based on whether or not that request for admission was proper.

If the trial court, after balancing the different factors, decides that in its discretion defendants should be allowed to file their verified answers late, the jury's verdict is affirmed. If, in its discretion, the trial court believes that defendants may not file late answers on enough of the requests, it may order a new trial or even order summary judgment for plaintiff.

Plaintiff has also argued that the trial court erred in refusing to direct a verdict for her. However, after reading through the testimony, we do not believe that the evidence establishing defendant Mary Davis's negligence was so "crystal clear" that the case should have been taken away from the jury. *Caldwell v Cleveland-Cliffs Iron Co,* 111 Mich App 721, 727-728; 315 NW2d 186 (1981); *Krzysiak v Hinton,* 104 Mich App 134, 138; 304 NW2d 823 (1981).

Remanded with instructions to proceed consistent with this opinion. We do not retain jurisdiction.