# STATE OF MICHIGAN

# COURT OF APPEALS

DARREEN ZIRKER and NORMAN WEST,

      Plaintiffs-Appellants,

v

AUTO-OWNERS INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
July 19, 2016

No. 326129
Wayne Circuit Court
LC No. 14-009743-NF

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

Fort Hood, J. (*dissenting*).

I respectfully dissent. I would hold that the trial court abused its discretion in granting defendant's motion for summary disposition on the basis of plaintiffs' failure to timely respond to defendant's request for admissions.

As stated by the majority, I agree that the resolution of this case depends on balancing the three factors articulated by this Court in *Janczyk v Davis*, 125 Mich App 683, 692; 337 NW2d 272 (1983). In determining whether to allow a party to file late answers to a request for admissions, the court must first consider "whether or not allowing the party to answer late 'will aid in the presentation of the action.' In other words, the trial judge should consider whether or not refusing the request will eliminate the trial on the merits." *Id*. (citation omitted). Next, the trial court should consider whether the requesting party would suffer any prejudice if the court were to allow a late answer. *Id*. Finally, "the trial court should consider the reason for the delay: whether or not the delay was inadvertent." *Id*. at 692-693.

As the majority concludes, two of the three *Janczyk* factors weigh in favor of plaintiffs. However, the majority opines that the third factor, whether the delay in responding to the request for admissions was inadvertent, weighs so heavily in favor of defendant that it merits dismissal of plaintiffs' case. I disagree.

Initially, I reject the majority's cursory dismissal of the first and second *Janczyk* factors as seemingly unimportant. Here, deeming the answers to the request for admissions admitted

-1-

leads to a complete dismissal of this case on the merits. Notably, were only four[1] requests for admissions for each plaintiff, and the requests were dispositive to the case. Clearly, the request for admissions do not appear to be for the purpose of the "elimination of uncontested issues and expedition of trial," *id*. at 691, but rather a successful maneuver by defendant's attorney to swiftly eliminate the case. Such action, clearly contrary to the intention of the court rule, is in my opinion no less egregious than plaintiffs' negligence in failing to respond to the request for admissions. Further, there is no indication that defendant would be prejudiced by allowing defendant's late answer to the request for admissions. Considering the content and form of the request for admissions, no valuable information would be obtained by the answers. Further, plaintiffs did respond to the request for admissions (albeit past the deadline), discovery had not expired, and the parties had indeed been engaging in discovery, including depositions.

In regard to the third factor, I agree with the majority that the issue is whether the failure to respond to the request for admissions 28 days after the documents were filed was inadvertent. Here, while the conduct of plaintiffs' counsel throughout this case demonstrates a pattern of neglect, the failure to respond within the 28-day period seems to simply be one in a number of inadvertent oversights, rather than an intentional act, as the majority opines.

Overall, I am not convinced that punishing plaintiffs in this matter would be just, especially after weighing *all* of the factors. Again, the policy of the court rule is the "elimination of uncontested issues and expedition of trial." *Id*. (quotation marks and citations omitted). The issues involved in the request for admissions were not uncontested; they were the heart of plaintiffs' case. In light of the significance of the admissions, the "balance between the interests of justice and diligence in litigation" weighs in favor of the interests of justice. *Id*. at 691. Therefore, I would reverse trial court's order granting defendant's motion for summary judgment.

/s/ Karen M. Fort Hood

---

[1] Despite there only being four inquiries in the request for admissions, the inquiries were combined with interrogatories, which were far more extensive.