*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DEMETRIA WILLIAMS,

        Plaintiff-Appellant,

v

LORRAINE CATHERINE SMITH,

        Defendant,

and

MEEMIC INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
March 17, 2020

No. 346420
Oakland Circuit Court
LC No. 2017-161789-NI

Before: STEPHENS, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right, challenging an order granting summary disposition in favor of defendant Meemic Insurance Company (Meemic) entered after the trial court deemed the matters in Meemic's request for admissions admitted, and denied plaintiff's motion to allow the filing of a late answer to the request for admissions. We reverse and remand for further proceedings.

Plaintiff was involved in a traffic accident resulting in injuries and filed this case on November 1, 2017, alleging in relevant part that her insurer, Meemic, refused to pay personal protection insurance (PIP) benefits to which she was entitled. Meemic served plaintiff with a request for admissions and she failed to respond by the due date of December 11, 2017. Plaintiff also failed to respond to a December 20, 2017 e-mail reminder from Meemic's counsel, a December 29, 2017 notice from counsel that the matters at issue were deemed admitted, and a January 2, 2018 motion for an order deeming the matters admitted. At the January 10, 2018 hearing on the motion, Meemic's counsel reported that plaintiff's counsel did not appear at the motion hearing until Meemic's counsel called and, finding counsel at his desk, alerted him to the hearing. Meemic's attorney noted that plaintiff's counsel seemed surprised. Plaintiff's counsel

appeared for the hearing and explained that he had responded to the request for admissions on December 11, 2017, but, although she took a screen shot, his secretary had failed to hit the submit button after the document was imported into the computer. Plaintiff's attorney added that he had not seen the additional correspondences, stating:

> I can't speak to why. I didn't personally get them and it might have been problems with, you know, secretarial errors going through and saving the files properly and notifying the attorneys because I personally didn't get notice of it.

Plaintiff's counsel informed the trial court that he would be submitting a motion to allow the filing of a late answer to the request for admissions. However, the trial court granted Meemic's motion and entered an order deeming the matters in Meemic's request for admissions admitted.

Thereafter, plaintiff did file a motion to allow the filing of a late answer to the request for admissions—which was effectively a motion to amend her "admissions." Plaintiff reiterated the explanation given at the hearing, and provided the screenshot showing that in the late afternoon of December 11, 2017, plaintiff's counsel had begun to submit something electronically in this case. The trial court denied plaintiff's motion, noting that the matters in Meemic's request had previously been deemed admitted, and thus, plaintiff would have to "file a motion for reconsideration or a motion to set aside that order" before the trial court could "consider allowing the late filing of answers." Plaintiff moved for reconsideration of the order deeming the matters in Meemic's request for admissions admitted and attached a summary showing that plaintiff had incurred medical expenses between November of 2017 and March of 2018. The trial court denied plaintiff's motion, holding that it did not present new information. Given the admissions, the trial court then held that summary disposition of plaintiff's claim against Meemic was warranted, and later denied a motion for reconsideration of that decision. This appeal followed.

Plaintiff first argues that the trial court erred by denying her motion to allow the filing of a late answer to Meemic's request for admissions. Because we agree and conclude that this order and subsequent orders entered in reliance on it must be reversed, we do not reach plaintiff's other arguments.

This Court reviews for an abuse of discretion a trial court's decision regarding a motion to file a late answer or to amend a party's admissions. *Bailey v Schaaf*, 293 Mich App 611, 620; 810 NW2d 641 (2011); *Janczyk v Davis*, 125 Mich App 683, 691; 337 NW2d 272 (1983). The trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

The no-fault insurance act, MCL 500.3101 *et seq*., requires insurers to pay PIP benefits to those whom they insure who are accidentally injured in the use of a motor vehicle as a motor vehicle. See MCL 500.3105(1). "The purpose of the Michigan no-fault act is to broadly provide coverage for those injured in motor vehicle accidents without regard to fault." *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 37; 748 NW2d 574 (2008) (internal quotation marks and citation omitted).

A purpose of a request for admission "is to establish some of the material facts in a case without the necessity of formal proof at trial," while eliminating issues that are unnecessary to

resolve. *Bailey*, 293 Mich App at 621-622 (quotation marks and citation omitted). MCR 2.312 governs a party's request for admissions and provides, in part:

> Each matter as to which a request is made is deemed admitted unless, within 28 days after service of the request, or within a shorter or longer time as the court may allow, the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter. [MCR 2.312(B)(1).]

When a party has been served with a request for admissions but does not answer or object to the request, "the matters in the request are deemed admitted" and "may form the basis for summary disposition." *Medbury v Walsh*, 190 Mich App 554, 556; 476 NW2d 470 (1991). Plaintiff does not contend that the trial court erred by granting Meemic's motion to deem the matters covered by the request for admissions admitted. But under the circumstances, plaintiff argues, she should have been allowed to file a late answer to the request for admissions. We agree.

> MCR 2.312(D)(1) provides:

> A matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of an admission. For good cause the court may allow a party to amend or withdraw an admission.

When deciding a motion to amend an answer or to file a late answer to the request for admissions, the trial court must balance "the interests of justice" with "diligence in litigation." *Bailey*, 293 Mich App at 622, citing *Janczyk*, 125 Mich App at 691. The *Janczyk* Court explained that "a rigid rule is sometimes unjustified; but too lenient a rule will undermine the policy of the court rule itself." *Janczyk*, 125 Mich App at 692. Accordingly, the *Janczyk* Court set forth three factors that a trial court is to balance in considering whether to allow a party to file a late answer. First, the trial court should consider whether allowing the late answer "will aid in the presentation of the action," or whether refusal "will eliminate the trial on the merits." *Id*. at 692 (quotation marks and citation omitted). Second, the court should consider whether the other party will suffer prejudice. *Id*. And, third, the trial court should consider the reason for the delay, including whether it was inadvertent. *Id*. at 692-693; see also *Bailey*, 293 Mich App at 622.

In this case, the trial court did not properly consider whether plaintiff had good cause to file a late answer as required by MCR 2.312(D)(1), or those factors detailed in *Janczyk*. After such review, we conclude that the trial court abused its discretion in denying plaintiff's motion to file a late answer or amend the admitted responses to Meemic's request for admissions. First, the parties do not seem to dispute that allowing an amendment or late answer would "aid in the presentation of the action." *Janczyk*, 125 Mich App at 692. In fact, the trial court's denial of plaintiff's motion foreclosed discovery and a trial on the merits because the trial court granted summary disposition to Meemic given that "[p]laintiff has admitted that she does not have any outstanding claims for first party benefits." Thus, the first factor strongly weighs in favor of allowing an amended or late answer to the request for admissions. See *id*.

The second factor also weighs in favor of allowing a late or amended answer because there was no evidence that Meemic would suffer prejudice as a result of plaintiff clarifying her claims to the trial court. In fact, plaintiff's answer to the request for admissions was submitted the same

day as the hearing at which the trial court deemed the matters in Meemic's request for admissions admitted. While Meemic might ultimately have to pay PIP benefits, those would be benefits that it was contractually and statutorily obligated to pay.

We next turn to the third factor, the reason for the delay. "Good cause" is required to amend or file a late answer, MCR 2.312(D)(1). Inadvertence was mentioned in *Janczyk* as a valid reason to allow a late answer, and thus, inadvertence can constitute a good cause. *Janczyk*, 125 Mich App at 693. In *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245; 833 NW2d 331 (2013), this Court stated that "[i]n the context of our court rules, good cause simply means a satisfactory, sound or valid reason," and that trial courts have "broad discretion to determine what constitutes good cause." *Id*. at 264 (internal quotation marks and citation omitted).

Meemic argues that plaintiff's lack of response was not inadvertent, but was intentional conduct. And plaintiff's failure to respond to multiple notices was "egregious neglect" that could not have been inadvertent. However, the record indicates that plaintiff attempted to serve the answer to the request for admissions by the due date and failed to do so because of a computer error or an error by his secretary. Plaintiff's counsel explained to the court that he believed that the answer had been timely submitted. In other words, plaintiff's counsel was diligent but a mistake was made. And counsel advised the court that he did not receive the other notices, likely because of personnel issues which had been remedied. Plaintiff's counsel explained that the lack of response to the request for admissions was inadvertent or clerical mistake, rather than intentional neglect. Considering the circumstances in this case, we conclude that the factors set forth in *Janczyk* strongly favored allowing plaintiff to file a late or amended answer to Meemic's request for admissions. Accordingly, the trial court abused its discretion when it denied plaintiff an opportunity to file a late or amended answer to Meemic's request for admissions. The order denying plaintiff's motion to allow the filing of a late answer is reversed, and the subsequent orders entered in reliance on it are reversed.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-4-