*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BEE PROPERTY MANAGEMENT, INC.,

      Plaintiff-Appellee,

v

UNITED MOTORS, LLC,

      Defendant-Appellant.

UNPUBLISHED
January 19, 2023

No. 360073
Oakland Circuit Court
LC No. 2020-182205-CB

Before: M.J. KELLY, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant defaulted on a loan it received from plaintiff, and plaintiff sued for breach of contract and unjust enrichment. Plaintiff requested admissions during the litigation, and defendant did not respond in a timely manner. Those admissions were deemed admitted and the trial court granted plaintiff summary disposition on the breach of contract claim. Defendant now appeals. We affirm.

Plaintiff served defendant with an amended request for admission on April 16, 2021. MCR 2.312(B)(1) requires that responses to requests for admission must be made and served on the party within 28 days after the request was served, or the admissions will be admitted. Accordingly, defendant had until May 14, 2021, to serve its answers. Defendant did not serve any answers by the deadline, and plaintiff moved to admit those admissions. In relevant part, those admissions included that defendant had signed the promissory note through an agent authorized to do business on behalf of defendant, defendant had not made a single payment under the schedule of the promissory note, and defendant owed plaintiff $115,000 plus interest and late fees.

Plaintiff also moved for summary disposition. The trial court granted plaintiff summary disposition on its claim for breach of contract because there was no genuine issue of material fact that defendant breached the contract when considering the admissions made under MCR 2.312(B)(1) and conclusively established under MCR 2.312(D)(1). The trial court declined to apply the factors in *Janczyk v Davis*, 125 Mich App 683, 691-692; 337 NW2d 272 (1983) concerning a party's ability to file a motion to untimely answer a request for admissions because, the trial court held, those factors required defendant to submit a motion.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632. This Court reviews a trial court's decision whether to allow a party to amend its admissions under MCR 2.312(D)(1) for an abuse of discretion. *Medbury v Walsh*, 190 Mich App 554, 556; 476 NW2d 470 (1991).

The trial court held that the admissions were properly deemed admitted under MCR 2.312, which states in relevant part:

(B) Answer; Objection

(1) Each matter as to which a request is made is deemed admitted unless, within 28 days after service of the request, or within a shorter or longer time as the court may allow, the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter. Unless the court orders a shorter time a defendant may serve an answer or objection within 42 days after being served with the summons and complaint.

* * *

(D) Effect of Admission

(1) A matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of an admission. For good cause the court may allow a party to amend or withdraw an admission. The court may condition amendment or withdrawal of the admission on terms that are just.

Defendant admits that its answers to plaintiff's requests for admissions were late, and the record does not contain any motion from defendant to request additional time to answer plaintiff's request or to amend or withdraw the admissions already admitted. Accordingly, those admissions were properly deemed admitted under MCR 2.312(B)(1) and conclusively established under MCR 2.312(D)(1).

Instead, defendant argues that the trial court erred by using the admissions as the basis for the summary disposition because defendant should have been allowed to amend or withdraw the admissions under *Janczyk*, even though defendant made no motion to amend or withdraw.

*Janczyk* concerned "the standards by which a trial court should decide a party's motion to file late answers." *Bailey v Schaaf*, 293 Mich App 611, 622; 810 NW2d 641 (2011) (cleaned up). In *Janczyk*, a panel of this Court held that even though the admissions should have been admitted, the defendant's failure to answer did not mean that the trial court was bound to grant summary

disposition automatically because the trial court had the discretion to allow the defendant to file a late answer. *Janczyk*, 125 Mich App at 691. The matter was then remanded to the trial court to determine if the defendant should be allowed to file a late answer after considering three factors:

> First, whether or not allowing the party to answer late "will aid in the presentation of the action." In other words, the trial judge should consider whether or not refusing the request will eliminate the trial on the merits... Second, the trial court should consider whether or not the other party would be prejudiced if it allowed a late answer. Third, the trial court should consider the reason for the delay: whether or not the delay was inadvertent. [*Id*. at 692-693.]

Defendant's argument is misplaced. The clear language of MCR 2.312(D)(1) states that admissions that are admitted under this rule are "conclusively established unless the court *on motion* permits withdrawal or amendment of an admission." (Emphasis added.) There was no motion upon which the trial court could apply the *Janczyk* factors, and the trial court did not abuse its discretion when it held that *Janczyk* was inapplicable for this reason.

Further, when considering the admissions, there was no genuine issue of material fact that defendant had a contract to repay a loan to plaintiff, defendant breached that contract because it did not make any payments on the promissory note's schedule, and plaintiff sustained damages in the amount of $115,000 plus interest and late fees.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle