*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHEN P. EVERS,

      Plaintiff-Appellant,

v

MEDALLION MANAGEMENT, INC.,

      Defendant-Appellee,

and

REBECCA S. HENRICKS and BERNARD D. HENRICKS,

      Defendants.

UNPUBLISHED
September 5, 2024

No. 366610
Lenawee Circuit Court
LC No. 2020-206560-NO

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

Plaintiff, Stephen P. Evers, appeals as of right from a default judgment that was entered in favor of plaintiff and against defendants, Rebecca S. Henricks and Bernard D. Henricks, in this dog-bite action. On appeal, plaintiff challenges an order granting summary disposition in favor of defendant, Medallion Management, Inc., under MCR 2.116(C)(10). We vacate and remand to the trial court for further proceedings.

## I. BACKGROUND

Plaintiff was bit by a dog, Chewy, while he was on Medallion Management's premises, where plaintiff lived at the time. Chewy was owned by the Henrickses, who also lived on the premises. Plaintiff had to undergo surgery after the bite-wound became infected.

Plaintiff filed suit against the Henrickses and Medallion Management on multiple grounds. The Henrickses failed to answer the complaint. Medallion Management answered the complaint, and it generally denied liability. Before the parties engaged in extensive discovery, plaintiff and Medallion Management engaged in settlement negotiations. Plaintiff's counsel moved to

withdraw before a settlement was finalized, citing an irreparable breakdown in the attorney-client relationship. The trial court permitted plaintiff's counsel to withdraw. Two days later, Medallion Management served plaintiff with a set of requests for admission. Plaintiff, proceeding *in propria persona*, engaged in further settlement negotiations with Medallion Management. The requests for admission were not answered in a timely manner.

After another breakdown in settlement negotiations, Medallion Management moved for summary disposition under MCR 2.116(C)(10). In relevant part, Medallion Management noted plaintiff failed to respond to the requests for admission, request an extension of time to answer, or object to the requests. Medallion Management argued the requests for admission were deemed admitted by plaintiff's failure to respond. According to Medallion Management, based on the admissions, a genuine issue of material fact did not exist for trial. Shortly thereafter, plaintiff retained new counsel, filed late responses to the requests for admission, and opposed Medallion Management's motion for summary disposition. In response to the motion for summary disposition, plaintiff argued that the trial court should permit plaintiff's late answers to the requests for admission under the three-factor test in *Janczyk v Davis*, 125 Mich App 683, 692-693; 337 NW2d 272 (1983). According to plaintiff, counsel for Medallion Management assured plaintiff when he was *in propria persona* that he did not have to respond to written discovery. Plaintiff also submitted two affidavits to support genuine issues of material fact existed for trial.

At the motion hearing, plaintiff again requested that the trial court accept the late responses to the requests for admission. The trial court took the matter under advisement. The court ultimately granted summary disposition in favor of Medallion Management on the basis of the requests for admission, which the trial court held must remain admitted because plaintiff failed to move the trial court for leave to file late responses. The trial court later entered a default and default judgment against the Henrickses, and this appeal followed.

## II. STANDARDS OF REVIEW

We review de novo issues involving the proper interpretation and application of court rules. *McGregor v Jones*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361447); slip op at 2. A trial court's decision concerning a motion regarding requests for admission is reviewed for an abuse of discretion. *Bailey v Schaaf*, 293 Mich App 611, 620; 810 NW2d 641 (2011), vacated in part on other grounds 494 Mich 595 (2013). "An abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Tindle v Legend Health, PLLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 360861); slip op at 2 (cleaned up). "A trial court necessarily abuses its discretion when it makes an error of law." *Milne v Robinson*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 164190); slip op at 4 (cleaned up).

## III. ANALYSIS

Plaintiff argues the trial court abused its discretion by failing to analyze the merits of his argument that he was entitled to file late responses to the requests for admission. We remand the matter for further consideration.

MCR 2.312(A) authorizes a party to "serve on another party a written request for the admission of the truth of a matter within the scope of MCR 2.302(B) stated in the request that relates to statements or opinions of fact or the application of law to fact. . . ." The purpose of MCR 2.312 is to "facilitate proof with respect to issues that cannot be eliminated from the case" and "narrow the issues by eliminating those that can be." *Radtke v Miller, Canfield, Paddock & Stone*, 453 Mich 413, 420; 551 NW2d 698 (1996) (cleaned up).

> Each matter as to which a request is made is deemed admitted unless, within 28 days after service of the request, or within a shorter or longer time as the court may allow, the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter. [MCR 2.312(B)(1).]

If an admission is made, that matter "is conclusively established unless the court on motion permits withdrawal or amendment of an admission." MCR 2.312(D)(1). Admissions made or deemed as such under MCR 2.312 are "judicial admissions," which are "conclusive in the case," and not subject to "contradiction or explanation." *Radtke*, 453 Mich at 420-421 (cleaned up). "[T]he judicial admission, unless allowed by the court to be withdrawn, is conclusive . . . ." *Id*. at 421.

But MCR 2.312(B)(1) affords a trial court the discretion to provide for a longer or shorter period to serve answers. "When a trial judge is asked to decide whether or not to allow a party to file late answers to the request for admissions, he is in effect called upon to balance between the interests of justice and diligence in litigation." *Janczyk v Davis*, 125 Mich App 683, 691; 337 NW2d 272 (1983). The trial judge must balance three factors in making that determination:

> First, whether or not allowing the party to answer late will aid in the presentation of the action. In other words, the trial judge should consider whether or not refusing the request will eliminate the trial on the merits. Obviously, this factor militates against granting summary judgment. Second, the trial court should consider whether or not the other party would be prejudiced if it allowed a late answer. Third, the trial court should consider the reason for the delay: whether or not the delay was inadvertent. [*Id*. at 692-693 (cleaned up).]

In this case, the trial court reasoned "the deemed admissions must remain admitted" because plaintiff never "moved the court for permission" to "file late responses[.]" Plaintiff argues this was in error because he complied with MCR 2.119(A), and we agree. At the hearing on Medallion Management's motion for summary disposition, plaintiff made an oral motion. Plaintiff's counsel stated: "I request that the Court allow our late answers to [the] request[s] for admission so this case may be decided on the merits." Because the motion was made during a hearing, it did not have to be in writing. See MCR 2.119(A)(1) ("Unless made during a hearing or trial, a motion must . . . be in writing[.]").[1] The trial court should have considered the merits of

---

[1] Based on this holding, we need not consider whether plaintiff's request in his response to Medallion Management's motion for summary disposition that the late responses be accepted was

plaintiff's arguments. By holding that it lacked discretion, the trial court abdicated its duty to consider the matter, which necessarily resulted in an abuse of discretion. See *In re Bibi Guardianship*, 315 Mich App 323, 335; 890 NW2d 387 (2016) ("a trial court's failure to exercise discretion when required constitutes an abdication and, therefore, an abuse of discretion") (cleaned up).

Accordingly, we remand this matter to the trial court to consider the merits of plaintiff's arguments and apply *Janczyk*'s three-factor balancing test. See *Aguirre v Dep't of Corrections*, 307 Mich App 315, 326; 859 NW2d 267 (2014); *Apex Laboratories Int'l, Inc v City of Detroit (On Remand)*, 331 Mich App 1, 10; 951 NW2d 45 (2020). The trial court should keep in mind that disposition of claims on their merits is preferred. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999).

## IV. CONCLUSION

We vacate the October 22, 2021 order and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. Given this conclusion, we need not consider the remainder of plaintiff's arguments on appeal. See *Mich Republican Party v Donahue*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364048); slip op at 3.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young

---

an adequate written motion under MCR 2.119(A)(1). See *Mich Republican Party v Donahue*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 364048); slip op at 3.