## CATHERINE UNGER v. JOSEPH SMITH.

*Agreement of grantor to pay mortgage.*

A deed expressly stipulated that the grantor should pay off a certain mortgage on the premises. *Held,* that a verbal agreement between the parties that the grantor should advance the moneys to pay it, would be inconsistent with the terms of the deed, and that the grantee could not recover upon it against the grantor.

Where the grantee of land accepts a deed binding him to pay a mortgage thereon he becomes personally liable for the debt secured thereby, and the liability may be enforced in chancery, and a personal decree obtained against him for any deficiency that may exist after the sale of the premises on foreclosure. And the grantor can compel him to pay the mortgage.

Error to Allegan. Submitted April 29. Decided June 11.

Assumpsit. Defendant brings error. Reversed.

*Padgham & Padgham* for plaintiff in error.

*Fenn & Donaldson* and *F. J. Littlejohn* for defendant in error. Where part of the consideration for a deed is an additional undertaking not necessary to insert therein, it may be shown by parol, and the evidence does not tend to contradict the deed: 2 Pars. Cont. 184; *Trevidick v. Mumford* 31 Mich. 457; *Seaman v. O'Hara* 29 Mich. 66.

Marston, C. J. The main features of this case may very briefly be stated. In December, 1875, plaintiff and defendant made an exchange of certain real estate, and in the deed from Smith to Unger a clause was inserted that "this conveyance subject to a mortgage executed by Joseph Smith and wife to Henry W. Bly for the amount of four hundred dollars and interest, dated sometime in the month of September, October or November, 1875, due two years from date, which said mortgage the party of the second part hereby agrees to pay." The party of the second part, Mrs. Unger, did pay this mortgage, and the present action is brought by her to recover from her grantor, Smith, the amount so paid, in accordance with the contract under which the exchange was made, by which, she claims, Smith agreed to furnish the money to pay this mortgage. The court ruled that under the pleadings plaintiff could not recover on the Bly note which she had paid. The plaintiff then offered in evidence a note given by Smith to her in July, 1875, for $900, and secured by mortgage, the conditions of which had been fully performed. She then gave evidence tending to show that after this $900 became due and was satisfied, and after the exchange of the lands in December, 1875, this $900 was turned out to her as security that Smith would furnish her $400 to take up the Bly mortgage as he had agreed. This evidence was contradicted by Smith.

The court charged the jury that if they found the agreement to be that defendant was to pay the Bly mortgage, then plaintiff could not recover, as such an agreement would be in

conflict with the terms of the conveyance from defendant to plaintiff; but that she might show that defendant was to pay her $400 in time to enable her to pay the Bly mortgage, and the $900 having been turned out as security for the performance of such agreement, she might recover thereon the amount paid by her to Bly. And upon this theory she recovered a verdict and judgment.

Mrs. Unger, by accepting a deed of certain premises subject to a mortgage thereon which she therein agreed to pay, became personally responsible for the debt. The mortgagee could in chancery enforce this liability and obtain a personal decree for any deficiency that might exist after a sale of the mortgaged premises, and under the authorities the vendor also might have compelled Mrs. Unger to pay off the mortgage: *Crawford v. Edwards* 33 Mich. 360; *Miller v. Thompson* 34 Mich. 10; *Carley v. Fox* 38 Mich. 388; *Higman v. Stewart*, id. 523; *Winans v. Wilkie* 41 Mich. 265.

Such being the nature and character of the obligation which Mrs. Unger assumed both to the mortgagee and her vendor, an oral agreement previously entered into with her vendor that he would furnish the money to enable her to pay this mortgage, would in my opinion be clearly inconsistent with the clause in the deed.

Under such an agreement, in no just or legal sense could it be said that Mrs. Unger paid the mortgage, and if the oral agreement is binding, then Smith, her vendor, cannot have the full force and benefit of the clause inserted in the deed. In no fair sense can the agreement for exchange be construed as one under which a certain amount of money was to be paid Mrs. Unger, as the difference in values between the property, such payment, in whole or in part, to be made in time to enable her to meet the mortgage indebtedness which she had assumed. The agreement, as testified to by the plaintiff, is one under which, as between these parties, it was the duty of Smith, the vendor, to pay the mortgage debt, by furnishing her with the money for that purpose. If such was the agreement, then plaintiff could not recover.

The judgment must be reversed and a new trial ordered, with costs.

The other Justices concurred.