86   389
98    24

86    389
s49NW  147
d131   636

FRANK PUTNAM v. MARTIN V. RUSSELL, ADMINISTRATOR, ETC.

*Quitclaim deed—Failure of title—Parol evidence.*

A quitclaim deed conveys only the grantor's interest,[1] and the grantee cannot change its terms by proof of a contemporaneous verbal agreement by which the grantor was to refund a proportionate share of the purchase price in case of the failure of the title to ten acres of the land then in dispute, and which afterwards failed.

[1] See *Peters v. Cartier*, 80 Mich. 124.

Error to Shiawassee. (Newton, J.) Argued May 8, 1891. Decided July 3, 1891.

Appeal from decision of commissioners on claims. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Walter McBride*, for appellant.

*James M. Goodell*, for defendant.

McGRATH, J. Henry J. Carlough conveyed to plaintiff, by quitclaim deed, 30 acres of land, the title to 10 acres of which failed.

Carlough died, and plaintiff presented a claim against his estate for $66, the proportion paid for this 10 acres. The proofs clearly showed that at the time of the conveyance it was well understood by both grantor and grantee that Carlough's title to this 10 acres was in dispute, and it was agreed between the parties that if the title to this 10 acres should fail the amount paid therefor should be refunded to plaintiff. The circuit court, upon appeal thereto, admitted all the testimony, and afterwards instructed a verdict for the defendant.

If such an arrangement as is set forth here existed, the plaintiff should have insisted upon a warranty deed. The quitclaim conveyed the grantor's interest only, and the plaintiff should not be permitted to introduce a contract resting in parol, varying the terms of the written instrument, and making it in effect a warranty deed.

A contract resting in parol, and inconsistent with the written instrument, cannot be said to be an independent contract within the authorities, and cannot be sustained.

The judgment below is affirmed, with costs to defendant.

CHAMPLIN, C. J., MORSE and LONG, JJ., concurred. GRANT, J., did not sit.