WOLFF *v.* ALPENA NATIONAL BANK.

1. APPEAL—CHANCERY CASE— QUESTION OF FACT—FINDING OF CIRCUIT JUDGE.

Where, in a chancery case, the result depends entirely upon the credence to be given to complainant and defendant, whose testimony is in direct conflict, the finding of the circuit judge, who saw and heard the witnesses, will not be reversed.

2. STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF THIRD PERSON.

The statute of frauds (3 Comp. Laws, § 9515), requiring "every special promise to answer for the debt, default, or misdoings of another person" to be in writing, does not apply to an agreement by a trustee and preferred creditor under a mortgage that the trust funds shall be shared equally with another creditor.

3. WRITTEN CONTRACTS—PAROL MODIFICATION.

An oral agreement by a trustee and preferred creditor under a mortgage, that the trust funds shall be shared equally with another creditor, made after the mortgage has been executed and filed and the trust accepted, is not void as a parol agreement contradicting a written instrument.

Appeal from Wayne; Carpenter, J.   Submitted October 16, 1902.   (Docket No. 73.)   Decided November 18, 1902.

Bill by Bernard Wolff against the Alpena National Bank and George L. Maltz for an accounting.   From a decree dismissing the bill, complainant appeals.   Affirmed.

One Max Jasspon, a partner of complainant, being indebted to complainant, the defendant bank, and other parties, on October 31, 1896, executed a chattel mortgage in favor of his creditors, preferring the complainant, whose debt is stated therein to be $4,117. The complainant was then living in New York. The mortgage was unsolicited by either party. Complainant and defendant Maltz, the president of the bank, were made trustees. Complainant sent in his acceptance by mail, and the mortgage was duly filed. Subsequently defendant Maltz accepted the trust. The goods were sold, and out of them was realized enough to pay the complainant's debt in full, $1,700 of the debt of the defendant bank, and about $50 besides, which is in the hands of the complainant. Maltz was the active trustee, made the final sale, and paid the $1,700 to the bank. The complainant claims that there is a considerable amount due him for his services and expenses as trustee. The object of the bill is to obtain an accounting and a restoration of this $1,700 to the hands of the trustees, and for the payment of the same to him. The defendants claim that this money was paid to the bank by agreement between complainant, Mr. Maltz, and the mortgagor, Jasspon. Complainant denies any such agreement. The case was heard in open court, and the bill dismissed.

*Maybury & Lucking*, for complainant.

*Charles R. Henry*, for defendants.

GRANT, J. (*after stating the facts*). Several questions of fact and law are presented, but if the court was correct in its finding of fact, and the application of the law thereto, as to the disposal of this fund, it becomes unnecessary to dispose of the other questions. The evidence on the part of the defendants is that, after the mortgage was executed by the mortgagor, the trust accepted by complainant, and the mortgage filed, it was then presented to Mr. Maltz, and he was requested to accept; that he declined to accept so long as complainant was preferred

over the bank; that it was then agreed between complainant, the mortgagor, and Maltz that the bank should share equally with complainant in the trust funds, and that upon this consideration Mr. Maltz accepted. The testimony is in direct conflict. The result depends almost entirely upon the credence to be given to complainant and Maltz. Under these circumstances, where the witnesses were before the court, we will not reverse the finding of the circuit judge. We, however, think he reached the correct conclusion upon the fact.

Two objections are raised to the legality of this parol agreement: (1) That it is void under the statute of frauds, which provides that "every special promise to answer for the debt, default, or misdoings of another person" must be in writing. 3 Comp. Laws, § 9515. Wolff made no promise to answer for the debt of Jasspon. The debt was to be paid out of the goods mortgaged. Wolff was not by the agreement made liable for any portion of the debt. The statute does not apply. (2) It is urged that the parol agreement contravenes the writing, and that this the law does not permit. Counsel for complainant cite in support of this contention *Unger* v. *Smith*, 44 Mich. 22 (5 N. W. 1069); *Putnam* v. *Russell*, 86 Mich. 389 (49 N. W. 147). In those cases it was sought to vary the express agreement of deeds by evidence of a parol agreement contradicting them. This is not a case, within those decisions, of an attempt to change a written agreement by a previous parol one. In such case all parol agreements become merged in the written instrument. In this case the mortgage had been executed, had been accepted by complainant, and had been filed. It became, therefore, an executed instrument, beyond the power of the mortgagor to recall. Complainant had accepted the trust, and was therefore in law entitled to carry it out, even though Mr. Maltz should decline to accept. All parties were anxious to secure Mr. Maltz's acceptance and his services. To accomplish this they agreed that the claim of the bank should share equally in the fund with

the complainant.   As between them there was nothing illegal in the transaction.   The only parties who could complain are unsecured creditors, and they are not here complaining.

The decree is affirmed, with costs.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.