TROMLEY *v.* LANGE.

1. SPECIFIC PERFORMANCE — OPTION TO PURCHASE LAND — ACCEPTANCE IN WRITING NECESSARY—BILATERAL CONTRACTS.

Where an option to purchase land provided for a written acceptance within a certain date, when a specific sum of money was to be paid and a mortgage on the property executed by the purchaser, but no notice of acceptance in writing was ever given, the purchaser is not entitled to specific performance of the option, since he never legally obligated himself to perform.[1]

2. SAME—ACCEPTANCE—EXPIRATION OF PERIOD FOR ACCEPTANCE.

Where a bill for the specific performance of an option to purchase land was filed after expiration of the period fixed by the option for acceptance, it cannot be treated as a written acceptance.[2]

Appeal from Wayne; North (Walter H.), J., presiding. Submitted June 16, 1926. (Docket No. 90.) Decided October 4, 1926.

Bill by Earl R. Tromley against George Lange and others for specific performance of an optional land contract. From a decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*Ira F. Morgan* (*Clark, Emmons, Bryant & Klein,* of counsel), for plaintiff.

*Arthur J. Hass,* for defendants.

WIEST, J. January 28, 1925, defendants Lange, in consideration of $50, gave Claud R. Tromley an option to purchase their farm. The part of the option material to decision follows:

---

[1]Specific Performances, 36 Cyc. p. 625; [2]Id., 36 Cyc. p. 625.

"That the said parties of the first part, in consideration of the sum of fifty ($50) dollars to them in hand paid by the said party of the second part, do hereby agree that they shall and will at any time within eighteen (18) days from the date hereof, at the written request of the said party of the second part, execute and deliver to him, or to any person or persons as he the said party of the second part shall direct in writing, a good and sufficient warranty deed and a clear title of the following described land, * * * for the sum of thirty thousand ($30,000) dollars payable as follows: Fifty ($50) dollars on the date hereof, fifty-nine hundred fifty ($5,950) dollars eighteen days from the date hereof and mortgage for twenty-four thousand ($24,000) dollars payable on or before ten years from date, with release clause for one and a half the proportionate amount due on said mortgage at any time. * * * Said mortgage to draw interest at six per cent. from the 15th day of February, 1925, payable semi-annually."

February 16, 1925, Claud R. Tromley and Margaret, his wife, by quitclaim deed conveyed the option to Earl R. Tromley, and on March 5, 1925, assigned the option to him. Earl R. Tromley, on May 27, 1925, filed the bill herein for specific performance, and upon hearing the court granted the relief. Defendants appealed.

We need consider but one point, for it is fatal to the right of the plaintiff to have decree. The option provided for an election in writing. Such an election, if made, would have brought forth a contract obligating both parties to perform. Plaintiff gave no notice in writing of acceptance and never, before filing the bill, obligated himself to perform. The option not only provided for a specific payment of money but also for a mortgage to be given on the property by the purchaser. This removes the case from holdings making oral acceptance valid. A writing of some kind signed by plaintiff was essential to constitute a valid contract to give defendants Lange a mortgage on the property. It must be kept in mind that specific performance is

236—Mich.—16.

of a bilateral contract arising out of acceptance of an option.     This necessarily involves such an acceptance as renders the option terms fully operative and mutually binding.     If we find an oral acceptance, then the equitable title passed to plaintiff without an enforceable right in defendants to exact the mortgage, because at no time, before filing the bill, did plaintiff by any writing bring his acceptance under a valid contract to execute the mortgage.     The bill was not filed within the period fixed by the option for acceptance, and, therefore, cannot be treated as a written acceptance under the holding in *Frischkorn* v. *Fitzgerald*, 215 Mich. 106.     Acceptance of the option had to be in writing in order to raise a bilateral contract authorizing specific performance because of a mortgage of real estate.     *Wardell* v. *Williams*, 62 Mich. 50; *Gannon* v. *Stansfield*, 216 Mich. 440.     No such acceptance was made.     Failure to make such acceptance bars plaintiff from having specific performance.

The decree in the circuit is reversed, and a decree will be entered in this court dismissing the bill, with costs to defendants.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.