KOENIG v. KOENIG.

1. Equity—Motion to Dismiss—Pleading.
   On motion to dismiss an original bill of complaint, the allegations of fact are taken as true.

2. Trusts—Ex Maleficio—Tenancy in Common—Payment of Taxes.
   Original bill of complaint, showing merely full title to realty had become vested in the State and that individual defendant, a former cotenant, had exercised his right to bid therefor and took title in his own name, failed to show right to have such

Creation of constructive trust as to realty, see Restatement, Restitution, § 160.

defendant and his grantee who had knowledge of its grantor's title held as trustees *ex maleficio* subject to plaintiffs' rights as tenants in common of an interest therein.

3. EQUITY—CONSTRUCTIVE TRUST—PLEADING—QUESTION OF FACT.

Amendments to bill of complaint, which added allegations that individual defendant who, with plaintiffs and another, had been tenants in common of a parcel of unimproved real estate and who, although trustee under trust with substantial cash, had permitted taxes to remain unpaid on such realty, contrary to promises he had made, and then purchased it at scavenger sale as his own property, together with answers thereto raised a triable question of fact, hence dismissal of bill as though amended was error.

4. TRUSTS—EX MALEFICIO—TENANCY IN COMMON—PAYMENT OF TAXES—SCAVENGER SALE.

Where defendant cotenant who is shown to have assured plaintiff cotenants that taxes on their property would be paid by him, with intent to lull plaintiffs into a false sense of security and lack of attention and with the formed purpose on his part to let the taxes go unpaid in order that, at a scavenger sale, he might, as purchaser, cut off plaintiffs' interest, title acquired by him at scavenger sale may be impressed with a trust *ex maleficio* to the extent of the wrongs suffered by plaintiffs as of the date of the scavenger sale.

5. DEEDS—QUITCLAIM—TITLE CONVEYED—TRUST EX MALEFICIO.

A quitclaim deed by a purchaser at a scavenger sale conveys only such title as the grantor has to convey and if the grantee therein knew of facts rendering the grantor a trustee *ex maleficio,* such trust may be impressed upon the title of the grantee.

6. TRUSTS—CASH CORPUS—TAXES ON UNDIVIDED INTEREST IN REALTY.

Whether or not trustee under a trust containing cash should have used any of such cash for payment of taxes on an undivided interest in realty is not decided on appeal from order granting motion to dismiss bill to impress a trust upon title of trustee who had not paid the taxes where case is remanded for hearing upon bill as amended and issues joined.

7. APPEAL AND ERROR—CHANCERY CASES—DE NOVO HEARING—EVIDENCE.

The Supreme Court cannot hear a chancery case *de novo* without proofs taken in the circuit court on the triable issues of fact raised by a bill as amended and answers thereto.

8. COSTS—AMENDMENTS—ENTRY OF ORDER DISMISSING BILL.
   No costs are allowed on appeal from order dismissing bill of complaint where order was entered before filing of amendment to bill and subsequent answer thereto although circuit court apparently considered proposed amendments as though made, and case is remanded for hearing.

Appeal from Wayne; Murphy (George B.), J. Submitted January 10, 1945. (Docket No. 38, Calendar No. 42,480.) Decided April 9, 1945.

Bill by Agnes M. Koenig, individually and as guardian of Mary Magdalene Koenig, a minor, against John F. Koenig and O. W. Burke Company, a Michigan corporation, to have plaintiffs declared the owner of a one-third interest in certain real estate and to have the defendant company declared a trustee in possession. Decree for defendants on motion to dismiss. Plaintiffs appeal. Reversed and remanded for trial.

*John H. Flancher* and *Howard H. Campbell*, for plaintiff.

*Norman J. Fredericks,* for defendant Koenig.

*Beaumont, Smith & Harris* and *Charles Wright, Jr.,* for defendant O. W. Burke Company.

WIEST, J. Real estate was owned by tenants in common. Plaintiff Agnes M. Koenig, individually, held a ⅑ interest, her ward, Mary Magdalene Koenig, held a ⅖ interest. Defendant John F. Koenig held a ⅗ interest, and a person not a party to this suit also held a ⅗ interest. The property was sold for unpaid taxes and bid in by the State. No redemption was made and title vested in the State. At the annual scavenger sale in March, 1941, the

State sold and, April 17, 1941, conveyed the property to defendant John F. Koenig, he being the highest bidder, and no match of his bid was attempted. In September, 1942, plaintiff filed the original bill herein in her own behalf and that of her ward, seeking to hold John F. Koenig, as such purchaser, a trustee *ex maleficio,* subject to their rights as tenants in common of a one-third interest in the land. The bill also alleged that John F. Koenig, after obtaining his deed from the State, conveyed the property to defendant O. W. Burke Company, and that company had full knowledge of the rights of plaintiffs. Defendants, by motion, asked the court to dismiss the bill for want of equity.

Taking the allegations of fact in the original bill as true, as we must on the motion, there was no equity therein. Full title to the property was in the State at the time of the scavenger sale and John F. Koenig, one cotenant, so far as the bill alleged, had the legal right to bid and take title in his own name. *Meltzer* v. *State Land Office Board,* 301 Mich. 541. When a proposed decree to such effect was before the court plaintiffs objected and asked leave to amend the bill by alleging the following:

"Plaintiff states that under the terms of the will of Magdalena Koenig, now deceased (Wayne County Probate Court File No. 227178), the defendant, John Koenig, was nominated a cotrustee with his sister, Mayme Koenig Fredericks, to care for a trust fund of $10,000 in cash for the benefit of Mary Magdalene Koenig, then a minor; that the beneficiary under said trust, Mary Magdalene Koenig, is the niece of said defendant, John Koenig, and is the same person who in her own right as heir of her father, Norman Koenig, owns a ⅔ interest in the property involved in this amended bill of complaint.

"Plaintiff states that the defendant, John Koenig, took possession of said $10,000 of trust funds and during the transactions hereinafter set forth has held and is now holding said funds as trustee for the benefit of Mary Magdalene Koenig.

"Plaintiff states that after the death of her husband, Norman H. Koenig, on or about ————, 1931, the defendant, John F. Koenig, promised her that he would pay the taxes upon the parcel of land above described of which the said John F. Koenig himself had a ⅓ interest and his sister, Mayme Koenig Fredericks, a ⅓ undivided interest and the defendant, John F. Koenig, further promised this plaintiff to protect the minor, Mary Magdalene Koenig, in her ⅔ interest in said parcel by the care and management of said parcel along with the trust funds in his possession as a part of said minor's estate. Plaintiff further states that she relied upon the promises of said defendant John F. Koenig and that with full knowledge of the possession of said defendant Koenig of the funds held by him as trustee for her daughter, accepted said promises and completely relied upon said defendant to protect the estate of her daughter and herself in regard to said parcel of land above described.

"Plaintiff further states that the said John F. Koenig in violation of his promises to her and while he was acting as trustee for her daughter in possession of $10,000 in cash, of the trust estate of said minor, represented that he was the owner of said property, paid to the State of Michigan the sum of $11,795 upon the redemption of said property, took title from the State in his own name and never informed her or her daughter of such action.

"Plaintiff states that in his position as express trustee for her minor daughter during these events, the said defendant, John F. Koenig, was under obligation to protect his niece's estate and could not abuse the confidence placed in him by her and her daughter to bid in said parcel against said minor's

interest as an individual and for his own selfish benefit; that having undertaken the payment of taxes on the parcel for the benefit of plaintiff and her daughter, defendant John F. Koenig was under obligation to protect her daughter and herself against such sacrifice of their interests; that such conduct was in violation of his trust duties to his beneficiary, Mary Magdalene Koenig, and in violation of his promises to this plaintiff, who had full confidence in the financial position of defendant, Koenig, to fulfill said promises.

"Plaintiff further states that the O. W. Burke Company, defendant herein, is not a good-faith purchaser for value of said parcel from defendant, John F. Koenig; that said defendant, O. W. Burke Company, took said quitclaim deed from defendant, Koenig, burdened with the same infirmities as the defendant Koenig in the assignment of said title.

"Plaintiff further states that such conduct of defendant Koenig and the events and occurrences above described are not affected by the sale of said parcel to the State of Michigan; that the cotenancy relationship existing before the sale continued with the trust relationship of John Koenig to his niece, Mary Magdalene Koenig, as the basis of the confidence reposed in said defendant to protect said parcel and that the conduct of said defendant Koenig prevents his acquisition of the title as against his beneficiary's interest; that the defendant O. W. Burke Company cannot profit by placing money in the hands of defendant Koenig, as his principal, any more than the said defendant Koenig and the defendant O. W. Burke Company is bound by its alleged agent's incapacity to acquire title."

December 13, 1943, the circuit judge granted the motions to dismiss the bill and also granted plaintiff the right to amend her bill. We quote:

"This cause came on for hearing on December 10, 1943, to settle the decree on the pleadings as proposed and noticed by the defendants, and upon the

written objections thereto by the plaintiffs and upon the motion of plaintiffs for leave to amend the bill of complaint, the hearing on all of said matters having been adjourned to that date; and it appearing to the court that the proposed amendments to the bill of complaint should be allowed upon certain conditions, with leave to defendants to answer; and it further appearing to the court after due consideration, that the bill of complaint, amended as proposed, does not state an equitable cause of action nor change the opinion of the court filed herein, and that a decree on the pleadings should nevertheless be granted in favor of defendants; therefore it is hereby ordered:

"1. That the plaintiffs be and hereby are granted leave to amend their bill of complaint in accordance with their proposed amendments, under oath, provided a true copy of the testamentary trust referred to in paragraph 6 of the proposed amendments be attached thereto.

"2. That the entire file of the probate court, 'In the Matter of the Estate of Magdalena Koenig, deceased,' and the entire file of the probate court, 'In the Matter of the Estate of Norman H. Koenig, deceased,' shall be treated as a part of the record in this case to be referred to as counsel may desire, all attorneys of record being present in court and requesting and consenting thereto.

"3. That the hearing on the settlement of the decree on the pleadings be and hereby is adjourned to December 17, 1943, at 2 o'clock p. m.''

December 31, 1943, plaintiff claimed an appeal to the Supreme Court from the order and decree dismissing the amended bill of complaint. The amended bill of complaint was not filed until January 14, 1944, but carried in substance the proposed amendments theretofore submitted to the court. O. W. Burke Company, on January 22, 1944, filed a supplemental answer to the amended paragraphs to

the bill of complaint. February 3, 1944, John F. Koenig filed an answer to the amended paragraphs of the bill of complaint. The decree dismissing the bill was filed December 17, 1943.

The circuit judge evidently, in disposing of the motions to dismiss, considered the proposed amendments as though incorporated in the allowed amended and sworn bill of complaint and accepted the allegations as true but not raising any triable issue of fact. In this the court was in error for the proposed amendments were carried, substantially, into the amended sworn bill and the answers thereto raised an issue of fact upon whether defendant John F. Koenig assured plaintiff Agnes F. Koenig, as she claims. If, upon hearing, it is found that defendant John F. Koenig did give such assurance, with intent to lull plaintiff into a false sense of security and lack of attention she otherwise would have given the matter and with formed purpose on his part to let the taxes go unpaid in order that, at a scavenger sale, he might, as purchaser, cut off the interest of plaintiff and her ward as tenants in common, then his title, acquired in his own name at the scavenger sale, may be impressed with the trust *ex maleficio,* to the extent of the wrongs suffered by plaintiff and her ward as of that date, and his quitclaim deed to defendant O. W. Burke Company only carried such title as he had to convey. *Putnam* v. *Russell,* 86 Mich. 389. And if it is proved, as alleged by plaintiff, that the O. W. Burke Company was aware of the claimed facts rendering its grantor a trustee *ex maleficio,* then such trust may be impressed upon the title of the grantee.

The claim made in the amended bill that the defendant John F. Koenig, a tenant in common, and his sister, his cotrustee, also a tenant in common,

held $10,000 as trustees for the benefit of plaintiff's ward, and defendant John F. Koenig should have used the money to pay the taxes on the ⅔ interest of the ward, should await the hearing.

The real estate was unimproved at the time of the scavenger sale and had an assessed valuation of $47,180. The taxes thereon were not paid for the years 1932 to and including 1939.

Plaintiff claims she did not learn of the scavenger sale, purchase by John F. Koenig, and his deed, 90 days later, to the Burke company until in January, 1942.

It is alleged in the answer and cross bill by the Burke company that under its deed from Koenig it made improvements on the premises costing $28,691.91, paid $1,929.84 in taxes, and also paid the bid made by Koenig at the scavenger sale, amounting to $11,979.

We cannot hear the case *de novo* without proofs taken in the circuit court on the issues raised by the bill as amended and answers thereto.

The decree in the circuit court is reversed and the case remanded for hearing upon the bill as amended and issues joined thereon. Under the record of the procedure and practice indulged in the circuit court, we deny costs to either party.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.