FROST v COCKERHAM

Docket No. 90615. Submitted January 20, 1987, at Lansing. Decided
    December 8, 1987.

Plaintiff, Barbara Ann Frost, and Lawrence Pirtle were divorced
    on April 2, 1979. Pirtle was awarded title to the marital home
    and was ordered to execute a mortgage for $20,000 payable to
    plaintiff upon the sale of the home. The mortgage was recorded
    on April 27, 1979. On August 17, 1981, Pirtle executed a second
    mortgage on the home to the Brighton State Bank. On Pirtle's
    default on the second mortgage, the bank commenced a foreclo-
    sure action on May 2, 1983. On June 2, 1983, a default judg-
    ment of foreclosure was entered. On August 5, 1983, Frost
    intervened as a party plaintiff in the bank foreclosure action
    and, on the same date, a consent judgment was entered provid-
    ing that the house be listed for sale with the bank as agent and
    receiver for such purpose. It was further ordered that the
    mortgage debt owed to the bank be paid as a first priority with
    the lien in favor of Frost subordinated to that of the bank. On
    December 8, 1983, Pirtle conveyed his interest in the property
    to the bank by quitclaim deed. On May 8, 1984, the bank
    conveyed the property to defendant, Russell S. Cockerham, by
    quitclaim deed. On August 31, 1984, the bank granted Pirtle a
    discharge of the second mortgage. On May 29, 1985, plaintiff
    brought the instant action against defendant in the Livingston
    Circuit Court asserting that the conveyance of the property to
    the bank by Pirtle on December 8, 1983, constituted a sale,
    thereby causing her mortgage to become due and payable, and
    in default. Plaintiff claimed a $15,000 balance was due and
    sought foreclosure and sale to satisfy the debt. On July 31,
    1985, plaintiff served requests for admissions on defendant. A
    stipulation was entered on October 10, 1985, whereby the
    parties agreed that defendant would respond to the requests to
    admit within seven days. Defendant thereafter failed to re-

REFERENCES

Am Jur 2d, Liens, §§ 51-78.

Am Jur 2d, Mortgages §§ 323-359.

Validity, construction, and application of clause entitling mortgagee
    to acceleration of balance due in case of conveyance or transfer of
    mortgaged property. 69 ALR3d 713.

spond to the requests. On November 8, 1985, plaintiff filed a motion for summary disposition asserting that the facts asserted in the requests to admit conclusively established that money was due the plaintiff. The trial court, Bert M. Hensick, J., granted plaintiff's motion and entered a judgment of foreclosure, decreeing that the sum of $15,000, plus taxable costs, was due plaintiff. The court further held that the defendant was not personally liable for payment of the sum due, but that, if it was not paid within twenty-one days, the premises would be ordered sold with the proceeds to be used to satisfy the debt to plaintiff. Defendant appealed.

The Court of Appeals *held:*

After concluding, based on the facts established by the record including the admissions, that plaintiff had a valid lien on the real estate, the trial court was correct in ordering that the real estate be sold to satisfy plaintiff's claim. The court was not obligated to determine who was responsible to pay the debt which the mortgage secured. The bank acquired only the interest Pirtle had in the property which was subject to plaintiff's mortgage. The title defendant received from the bank was subject to the plaintiff's mortgage.

Affirmed.

1. MORTGAGES — REAL PROPERTY.

A mortgage is an interest in real estate; a real estate mortgage in Michigan is but a security for a debt in the nature of a specific lien.

2. DEEDS — QUITCLAIM DEEDS.

A quitclaim deed conveys only the grantor's interest in the subject property.

*John F. Betz,* for plaintiff.

*Leo C. Gilhool,* for defendant.

Before: M. J. KELLY, P.J., and SAWYER and M. R. KNOBLOCK,* JJ.

M. R. KNOBLOCK, J. Defendant appeals from an order of the circuit court granting plaintiff's motion for summary disposition on the basis that

* Circuit judge, sitting on the Court of Appeals by assignment.

there existed no genuine issue of material fact. MCR 2.116(C)(10).

The facts are not in dispute. Plaintiff was divorced from Lawrence Pirtle on April 2, 1979. By the terms of the judgment of divorce, Pirtle was awarded title to the marital home. The judgment also provided:

> It is further ORDERED and ADJUDGED that the plaintiff, Lawrence A. Pirtle, shall execute a Mortgage in the amount of Twenty Thousand Dollars ($20,000.00) payable to the defendant, Barbara Ann Pirtle upon the sale of the marital home located at 1265 Argentine Road, Howell, Michigan. Said mortgage shall have no interest.

On April 2, 1979, a mortgage was executed by Pirtle in accordance with the above provision. The mortgage was recorded on April 27, 1979.

On August 17, 1981, Pirtle executed a second mortgage of the subject property to the Brighton State Bank in the amount of $25,000. He subsequently defaulted on this mortgage and the bank commenced a foreclosure action on May 2, 1983. On June 2, 1983, a default judgment of foreclosure was entered in that action which provided that a total of $27,165.13 was due, including interest, costs and attorney fees.

On August 5, 1983, plaintiff in this action intervened as a party plaintiff in the bank foreclosure action. On the same date, a consent judgment was entered providing that the subject property be listed for sale and appointing the bank as agent and receiver of the property and authorizing the bank to take "any and all actions necessary for the completion of said sale." It was further ordered that the mortgage debt owed to the bank be paid as a first priority with the lien in favor of

plaintiff in this action subordinated to that of the bank.

On December 8, 1983, Pirtle conveyed his interest in the subject property by quitclaim deed to the bank. On May 8, 1984, the bank conveyed the subject property to the defendant in this action by quitclaim deed in consideration of the payment of $31,029.11. On August 31, 1984, the bank granted Pirtle a discharge of mortgage.

On May 29, 1985, plaintiff commenced this action in which she asserted that the conveyance of the subject property by Pirtle to the bank on December 8, 1983, constituted a sale, thereby causing her mortgage to become due and payable, and in default. She claimed a balance due of $15,000 and prayed for a judgment of foreclosure and sale of the subject property to satisfy the debt. Defendant answered, denying any liability for payment of the debt and affirmatively asserting an accord and satisfaction of the mortgage by the August 5, 1983, consent judgment and the conveyance by Pirtle to the bank on December 8, 1983.

On July 31, 1985, plaintiff served requests for admissions on defendant, pursuant to MCR 2.312, which requested that defendant admit:

> (1) that prior to April, 1979, the plaintiff was married to Lawrence Allen Pirtle.
>
> (2) that Lawrence A. Pirtle and plaintiff were divorced by judgment of the trial court dated April 2, 1979, and case number 79-7112-DO.
>
> (3) that pursuant to the terms of the judgment in said case number 79-7112-DO, plaintiff was granted a mortgage for $20,000 on real property commonly known as 1265 Argentine Road, Howell.
>
> (4) that plaintiff's mortgage on the aforesaid property was recorded in Liber 921, p 500, of the records of the Livingston County Register of Deeds on April 27, 1979.

(5) that Lawrence A. Pirtle sold his interest in the aforesaid real property to the Brighton State Bank by way of quit claim deed which was recorded with the Livingston County Register of Deeds on December 16, 1983.

(6) that on May 8, 1984, the Brighton State Bank sold its interest in the aforesaid real property to the defendant, Russell Steven Cockerham.

(7) that plaintiff has been paid $5,000, towards the aforesaid mortgage amount of $20,000 leaving a current principal balance of $15,000.

Defendant filed a motion to strike plaintiff's request for admissions which came on for hearing on September 25, 1985. At the hearing, counsel for both parties announced on the record a stipulation that defendant would respond to the request to admit within seven days. A proposed order was submitted to the trial court under the seven-day rule (MCR 2.602) and, no objections having been filed, an order encompassing the terms of the stipulation was entered by the trial court on October 10, 1985. Defendant thereafter failed to respond to the requests.

On November 8, 1985, plaintiff filed a motion for summary disposition claiming that, as a result of defendant's failure to respond, the facts asserted in the requests to admit were "conclusively established" pursuant to MCR 2.312(D). The motion was heard on November 18, 1985, on which date defendant filed his response to the motion, denying that any sums of money were due from defendant to plaintiff. The trial court rendered its decision in a written opinion finding that defendant could not assert that no sums were due plaintiff because this fact was established by the admissions which had not been denied. Although defendant had not at any time requested permission to file late responses to the requests to admit, the trial court never-

theless balanced the factors enumerated in *Janc-zyk v Davis,* 125 Mich App 683; 337 NW2d 272 (1983), concerning whether a trial court should allow a party to file a late response. Finding that defendant's disregard of the court's order, together with the unexplained absence of any response to plaintiff's requests to admit, far outweighed any countervailing consideration, the court concluded that defendant was not entitled to file a late response. The court subsequently entered a judgment of foreclosure and decreed that there was due to plaintiff the sum of $15,000 plus taxable costs. The court further held that the defendant was not personally liable for payment of the sum due, but that, if it was not paid within twenty-one days, the premises would be ordered sold at public auction with the proceeds to be used to satisfy the debt.

As a preliminary matter it should be noted that defendant's brief on appeal does not comply with the provisions of MCR 7.212(C) by setting forth separately each issue raised followed by an argument on each issue. For this reason, defendant's arguments are extremely difficult to understand and analyze. Defendant does not appear to contest the trial court's conclusion that the facts listed in plaintiff's request to admit must be considered conclusively established. Defendant maintains, however, that these facts are not prima facie sufficient to establish plaintiff's right to summary disposition because they do not establish who is responsible to pay the amount due plaintiff, nor do they address defendant's affirmative defense of accord and satisfaction.

MCR 2.116(C)(10) provides that a motion for summary disposition should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a

matter of law. A motion based upon GCR 1963, 117.2(3), now MCR 2.116(C)(10), is designed to test the factual support for a claim or defense. *Maccabees Mutual Life Ins Co v Dep't of Treasury,* 122 Mich App 660; 332 NW2d 561 (1983), lv den 417 Mich 1100.15 (1983); *Detroit Edison Co v Richmond Twp,* 150 Mich App 40; 388 NW2d 296 (1986). The court must consider the pleadings, affidavits and other available evidence and be satisfied that the claim or position cannot be supported by evidence at trial because of some deficiency which cannot be overcome. *Maccabees, supra.* The court must give the benefit of any reasonable doubt to the party opposing the motion and inferences are to be drawn in favor of that party. *Id.*

A mortgage is an interest in real estate. *Tromley v Lange,* 236 Mich 240; 210 NW 202 (1926); *Purification Systems, Inc v Mastan Co,* 40 Mich App 308; 198 NW2d 807 (1972), overruled on other grounds in *Rogers v Colonial Federal Savings & Loan Ass'n of Grosse Pointe Woods,* 405 Mich 607, 620; 275 NW2d 499 (1979). A real estate mortgage in Michigan is but a security for a debt in the nature of a specific lien. *Equitable Trust Co v Milton Realty Co,* 263 Mich 673; 249 NW 30 (1933). In the present case, plaintiff's lien was on the real estate. After concluding, based on the facts established by the record including the admissions, that plaintiff had a valid lien on the real estate, the trial court was correct in ordering that it be sold to satisfy plaintiff's claim. The court was not obligated to determine who was responsible to pay the debt which the mortgage secured.

The bank abandoned its foreclosure action by accepting the quitclaim deed from Pirtle. A quitclaim deed conveys only the grantor's interest. *Putnam v Russell,* 86 Mich 389; 49 NW 147 (1891);

*Koenig v Koenig,* 311 Mich 12; 18 NW2d 259 (1945). Thus, by definition of a quitclaim deed and operation of law, the bank acquired only the interest Pirtle had in the real estate which was subject to plaintiff's mortgage. By the terms of plaintiff's judgment of divorce, Pirtle's conveyance of the property made the debt due and payable. The bank conveyed its interest to defendant by way of a quitclaim deed which stated on its face that it was subject to instruments of record. Since plaintiff's lien was never extinguished, the title defendant received from the bank was subject to the plaintiff's mortgage. We are of the opinion that the trial court was correct in concluding that, on the record presented, there existed no genuine issue of material fact and that plaintiff was entitled to judgment as a matter of law.

Affirmed.