*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DISTINGUISHED DEVELOPMENT, INC.,

UNPUBLISHED
August 18, 2022

Plaintiff-Appellee,

v

No. 358332
Oakland Circuit Court
LC No. 2020-180367-CK

BUKERIJE LOGU,

Defendant-Appellant.

Before: GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant Bukerije Logu appeals by right the trial court's second amended judgment and order granting plaintiff Distinguished Development, Inc.'s motion for case evaluation sanctions, both of which were entered after the trial court granted summary disposition in favor of plaintiff on the basis of admissions made by defendant by failing to respond to requests to admit. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This dispute stems from an agreement in which plaintiff agreed to pour a foundation and perform other construction work for a residential home being built by defendant in Rochester Hills, Michigan. Plaintiff provided defendant with two estimates for the work, the first on May 1, 2019 for $42,017.75, and the second on July 16, 2019 for $48,516.42.

Central to this dispute is whether plaintiff performed the work the parties agreed to and whether it was performed in a satisfactory manner. In any event, by early 2020, defendant had not made full payment to plaintiff for work allegedly performed, and on March 18, 2020, plaintiff filed a verified complaint against defendant seeking payment on invoices sent to defendant totaling $48,406.42. Defendant, acting *in propria persona*, answered the complaint, generally denying the allegations and stating that plaintiff "did not perform the work agreed to and did not perform work in proper manner and defendant never agreed to the second invoice sent."

On September 8, 2020, plaintiff served defendant with requests to admit under MCR 2.312. There were 13 requests in total, including the following relevant to this lawsuit:

- Request No. 3: "Admit that Defendant received the benefits in the form of materials and labor as identified in Plaintiff's Invoices";

- Request No. 10: "Admit that Defendant owes the amount of money as claimed by Plaintiff as damages";

- Request No. 11: "Admit that Defendant is liable to Plaintiffs as to all Counts in the Complaint";

- Request No. 13: "Admit that Defendant has not incurred any damages arising out of Plaintiffs performance relating to work performed by Plaintiff, its employees or subcontractors." [Plaintiff's Requests to Admit, pp 5-7.]

It is undisputed that defendant, while acting *in propria persona*, did not respond to plaintiff's requests to admit. On October 6, 2020, an attorney appeared on behalf of defendant, the same day that the responses to the requests to admit were due. On May 5, 2021, the trial court granted defendant's request to have another attorney substitute into the case. It is further undisputed that neither attorney responded to plaintiff's requests to admit.

As a result of the COVID-19 pandemic, the trial, originally scheduled to begin on February 2, 2021, was adjourned until May 24, 2021, and then adjourned a second time until July 8, 2021. In the interim between the adjournment and the July 8 trial date, the trial court allowed the parties to file additional motions, including motions for summary disposition.

Two relevant motions were filed by the parties on June 2, 2021. Defendant filed a motion for leave to file late responses to the requests to admit,[1] and plaintiff filed a motion for summary disposition under MCR 2.116(C)(10). In her motion, defendant contended that she was unrepresented at the time the requests to admit were due, and reasoned that because she denied the allegations in other papers submitted by her, she did not think she had to respond to the requests. For its part, plaintiff based its motion for summary disposition on the admissions made by defendant by failing to respond. The trial court ultimately denied defendant's motion and granted summary disposition in plaintiff's favor on the basis of the admissions.

Defendant subsequently filed a motion for reconsideration. In the motion, she argued for the first time that the trial court abused its discretion when it denied her motion for leave to file late responses because the court did not employ the proper balancing test set forth in *Jancyzk v*

---

[1] In the trial court, defendant styled her motion as a "Motion to Withdraw Admissions." However, this title is somewhat misleading, and we will refer to the motion in this opinion as a motion for leave to file late responses.

*Davis*, 125 Mich App 683; 337 NW2d 272 (1983).[2]  The trial court denied the motion and entered a judgment in favor of plaintiff.  This appeal followed.

## II.  LEAVE TO FILE LATE RESPONSES

Defendant contends the trial court abused its discretion when it denied her motion for leave to file late responses to plaintiff's requests to admit.  We review a trial court's decision to permit a party to file late responses to requests to admit for an abuse of discretion.  *Bailey v Schaaf*, 293 Mich App 611, 620; 810 NW2d 641 (2011), vacated in part on other grounds 494 Mich 595 (2013).  In addition, "[t]his Court reviews a trial court's decision to deny a motion for reconsideration for an abuse of discretion."  *American Transmission, Inc v Channel 7 of Detroit, Inc*, 239 Mich App 695, 709; 609 NW2d 607 (2000).  "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes."  *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007).

Under MCR 2.313(A), "a party may serve on another party a written request for the admission of the truth of a matter within the scope of MCR 2.302(B) stated in the request that relates to statements or opinions of fact or the application of law to fact, including the genuineness of documents described in the request."  The purpose of MCR 2.312 is to "facilitate proof with respect to issues that cannot be eliminated from the case" and "narrow the issues by eliminating those that can be."  *Radtke v Miller, Canfield, Paddock & Stone*, 453 Mich 413, 420; 551 NW2d 698 (1996) (quotation marks and citation omitted).  Furthermore, "[e]ach matter as to which a request is made is deemed admitted unless, within 28 days after service of the request, or within a shorter or longer time as the court may allow, the party to whom the request is directed serves on the party requesting the admission a written answer or objection addressed to the matter."  MCR 2.312(B)(1).  If an admission is made, that matter "is conclusively established unless the court on motion permits withdrawal or amendment of an admission."  MCR 2.312(D)(1).

The trial court may allow a party to amend or withdraw an admission by showing good cause.  MCR 2.312(D)(1).  The good cause standard has been interpreted by this Court to require a trial court to balance "the interests of justice" on the one hand and the party's "diligence in litigation" on the other.  *Janczyk*, 125 Mich App at 691.  In doing so, the trial court should

> balance three factors in determining whether or not to allow a party to file late answers.  First, whether or not allowing the party to answer late will aid in the presentation of the action.  In other words, the trial judge should consider whether or not refusing the request will eliminate the trial on the merits . . . .  Second, the trial court should consider whether or not the other party would be prejudiced if it allowed a late answer.  Third, the trial court should consider the reason for the delay: whether or not the delay was inadvertent.  [*Id*. at 692-693 (quotation marks, citation, and footnote omitted).]

---

[2] Opinions issued by this Court before November 1, 1990, are not binding but may be considered for their persuasiveness.  MCR 7.215(J)(1); *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).

Defendant first contends the trial court abused its discretion when it denied her motion to file late responses because while the court penalized her for her lack of diligence, it did not penalize plaintiff for waiting until May 12, 2021, to file its requests to admit with the trial court. Under MCR 2.312(F), "[r]equests and responses under this rule must be filed with the court either before service or within a reasonable time thereafter." Defendant, however, cites no authority for the proposition that a party's failure to file requests to admit with the trial court relieves the other party from the obligation to respond. Accordingly, defendant has abandoned the argument. See *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 695; 880 NW2d 269 (2015) ("[W]here a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned.") (quotation marks and citation omitted). Even if defendant had not abandoned this argument, we are unaware of any authority standing for the proposition that a party may be excused from the effect of MCR 2.312(B)(1) if the party serving the requests to admit fails to file those requests with the trial court within a reasonable time. Defendant does not contend she was not served with the requests to admit. The fact that properly served discovery requests were not timely filed with the trial court does not excuse defendant's obligation to respond.

Next, defendant contends the trial court abused its discretion when it denied her motion to file late responses because the court did not employ the *Janczyk* balancing test. Because defendant did not raise this argument until her motion for reconsideration, it is unpreserved. See *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009) ("Where an issue is first presented in a motion for reconsideration, it is not properly preserved."). Accordingly, we review the argument for plain error. See *Total Armored Car Serv, Inc v Dep't of Treasury*, 325 Mich App 403, 412; 926 NW2d 276 (2018) ("To establish an entitlement to relief based on plain error, the injured party must show (1) that an error occurred, (2) that the error was plain and (3) that the plain error affected [its] substantial rights.") (quotation marks and citation omitted) (alteration in original).

Defendant cites no binding authority stating the failure of the trial court to employ the *Janczyk* balancing test is, in and of itself, an abuse of discretion and grounds for reversal. Instead, defendant cites to the Court two unpublished decisions: *Williams v Smith*, unpublished per curiam opinion of the Court of Appeals, issued March 17, 2020 (Docket No. 346420), and *Communicare Mich, LLC v Auto Club Ins Ass'n*, unpublished per curiam opinion of the Court of Appeals, issued November 24, 2015 (Docket No. 323502).[3] While in both cases this Court reversed the trial court's orders granting summary disposition on the basis of admissions made due to failing to respond to requests to admit, the cases are unpersuasive.

In *Communicare*, an insurance priority dispute, the defendant obtained summary disposition as a result of the plaintiff failing to respond to the defendant's requests to admit. *Communicare*, unpub op at 2. The requests were served on April 1, 2014, and the defendant filed its motion for summary disposition on May 19, 2014, which the trial court granted. *Id*. We reversed, concluding that each of the *Janczyk* factors favored allowing the plaintiff to file late

---

[3] Unpublished opinions are not binding on this Court but may be considered for their persuasive value. MCR 7.215(C)(1); *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 47 n 1; 951 NW2d 64 (2020).

responses and, therefore, the trial court abused its discretion when it concluded otherwise. *Id*. at 3-4. Nowhere in the opinion, however, is there any indication that the trial court did not itself review those factors; rather, this Court, reviewing the factors independently, came to the conclusion the trial court should have permitted the filing of late responses.

In *Williams*, on the other hand, we did note that the trial court failed to review the *Janczyk* factors when it concluded the plaintiff's failure to respond to the defendant's requests to admit justified entering summary disposition in favor of the defendant. *Williams*, unpub op at 3. However, unlike this case, the trial court in *Williams* also failed to consider whether the plaintiff had good cause to file late responses. *Id*. We concluded the trial court abused its discretion when it denied the plaintiff's motion to file late responses, principally on the basis that there was ample time for discovery and the failure of the plaintiff's counsel to file responses was due to clerical error in counsel's office. *Id*. at 3-4.

But even if defendant was correct that the trial court's failure to review the *Janczyk* factors is grounds for reversal, defendant must nevertheless demonstrate that the trial court's error was plain and that the error caused her prejudice. See *Total Armored Car Serv*, 325 Mich App at 412. Defendant cannot do so.

Under the first factor, the trial court is to consider "whether or not allowing the party to answer late will aid in the presentation of the action." *Janczyk*, 125 Mich App at 692 (quotation marks and citation omitted). This factor "militates against granting summary judgment" because "the trial judge should consider whether or not refusing the request will eliminate the trial on the merits." *Id*. While this factor does weigh in favor of defendant, we have affirmed a trial court's decision to grant summary disposition because of a party's lack of diligence in responding to requests to admit. In *Medbury v Walsh*, 190 Mich App 554, 555; 476 NW2d 470 (1991), the plaintiff failed to respond to the defendants' requests to admit, and the defendants moved for summary disposition on the basis of the admissions. The trial court concluded the failure to respond was deemed an admission by the plaintiff and granted the defendants' motion. *Id*. We affirmed the trial court's order, stating:

> The ruling of the trial court was justified under the circumstances of this case. Plaintiff took no action regarding defendants' request for admissions for more than three months. The trial court correctly denied plaintiff's motion for rehearing of defendants' motion for summary disposition, and there was no abuse of discretion by the trial court in denying plaintiff leave to amend admissions. [*Id*. at 557.]

In *Frost v Cockerham*, 164 Mich App 759, 763; 417 NW2d 599 (1987),[4] the defendant objected to requests to admit that were served by the plaintiff. At the resulting hearing, the parties stipulated that the defendant would respond to the requests within seven days, but no responses were ever made. *Id*. The plaintiff thereafter moved for summary disposition on the basis of the

---

[4] As previously stated, we are not bound by opinions issued before November 1, 1990, but we may consider them for their persuasive value. MCR 7.215(J)(1); *In re Stillwell Trust*, 299 Mich App at 299 n 1.

requests being deemed admitted, which the trial court granted. *Id*. We affirmed the trial court's order, explaining that the admissions resulted in it being established "that plaintiff had a valid lien on the real estate" and, therefore, "the trial court was correct in ordering that [the real estate] be sold to satisfy plaintiff's claim." *Id*. at 765. Thus, while it appears that this factor generally favors allowing late responses when not doing so will result in termination of the litigation, we have affirmed orders in which summary disposition has been granted because of admissions made by virtue of not responding to the requests.

Under the second *Janczyk* factor, "the trial court should consider whether or not the other party would be prejudiced if it allowed a late answer." *Janczyk*, 125 Mich App at 692. "This particular prejudice is prejudice in proving the case." *Id*. at 692 n 5. This factor weighs in favor of plaintiff. Defendant's main defense in the lawsuit was that certain work was not performed or was performed negligently, entitling her to setoffs. In order for plaintiff to refute those allegations, it would have needed to discover the basis for the claims through discovery, such as what work was actually performed and the manner in which it was performed. At the time defendant filed her motion to file late responses on June 2, 2021, the parties had already appeared for trial, which was set to take place on May 24, 2021. However, due to the COVID-19 pandemic and scheduling conflicts, the trial court adjourned the trial to July 8, 2021. With discovery closed and trial imminent, plaintiff would have been severely prejudiced in its case unless the trial court would have reopened discovery and adjourned the trial even further. This is in contrast with this Court's decision in *Bailey*, in which it affirmed the trial court's decision to grant the defendants' motion to file late answers, because the plaintiff "had ample opportunity to conduct discovery after the trial court's decision." *Bailey*, 293 Mich App at 623.

The third *Janczyk* factor requires the trial court to "consider the reason for the delay: whether or not the delay was inadvertent." *Janczyk*, 125 Mich App at 693. Here, defendant claims that she did not believe responses were required, stating: "I believed that I already responded to the allegations in the Complaint and filed other paperwork with the Court setting forth my position in this case and I did not understand that I also had to respond to the Admissions." Defendant also highlights the fact that she was unrepresented by counsel at the time the requests were served and responses were due. Giving defendant the benefit of the doubt, at the time the responses were due on October 6, 2020, her failure to respond could be characterized as inadvertent. The very same day, however, defendant's first attorney filed her appearance with the trial court (and had discussions with plaintiff's attorney even before that date). Presumably, defendant's attorney would have reviewed defendant's file and would have been on notice the requests were unanswered. And yet even after the parties filed a joint final pretrial order on May 17, 2021, in which plaintiff highlighted the fact that defendant had not responded to the requests to admit, defendant's attorney waited another two weeks, after the initial trial date came and was adjourned, to file the motion to file late responses. In total, defendant waited eight months after her responses were due to file the motion. On this record, we cannot say the delay was due to simple inadvertence.

In sum, even if the trial court had reviewed the *Janczyk* factors when deciding the motion to file late responses, it likely would have come to the same conclusion and denied the motion. Accordingly, the trial court did not plainly err when it denied defendant's motion.

### III. SUMMARY DISPOSITION

Defendant also contends the trial court abused its discretion when it denied her motion for reconsideration because in her motion, she raised genuine issues of material fact precluding summary disposition. The central issue with respect to the trial court's decision to grant plaintiff's motion for summary disposition and, in turn, deny defendant's motion for reconsideration, is whether the trial court abused its discretion when it did not permit defendant to file late responses to plaintiff's requests to admit. We have concluded above the trial court did not abuse its discretion.

Nevertheless, defendant also argues that even if the trial court did not abuse its discretion when it denied defendant's motion to file late responses, the admissions themselves did not entitle plaintiff to summary disposition because those admissions were not relevant to her claim for setoffs. This argument was not preserved for appellate review because it was raised for the first time in defendant's motion for reconsideration. See *Vushaj*, 284 Mich App at 519. Accordingly, we review the issue under the plain error standard. See *Total Armored Car Serv*, 325 Mich App at 412.

Under MCR 2.312(D)(1), "[a] matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of an admission." In *Radtke*, the Michigan Supreme Court explained that "[a]dmissions under MCR 2.312 are 'judicial' admissions," which means "they are formal concessions in the pleadings in the case or stipulations by a party or its counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Radtke*, 453 Mich at 420 (quotation marks and citation omitted). Unlike an evidentiary admission, judicial admissions are not "subject to contradiction or explanation." *Id*. at 421 (quotation marks and citation omitted).

Defendant argues that summary disposition should not have been granted in favor of plaintiff because she was entitled to setoffs as a result of work not being performed as agreed. She further claims that the admissions she made did not have any relevance to the issue of setoffs. We disagree.

In plaintiff's requests to admit, and as relevant here, plaintiff asked defendant to admit she: "received the benefits in the form of materials and labor as identified in Plaintiff's Invoices" (Request No. 3); "owes the amount of money as claimed by Plaintiff as damages" (Request No. 10); "is liable to Plaintiffs as to all Counts in the Complaint" (Request No. 11); and "has not incurred any damages arising out of Plaintiffs performance relating to work performed by Plaintiff, its employees or subcontractors" (Request No. 13). As a result of not responding to these requests, defendant admitted each of these facts. See MCR 2.312(D)(1).

Defendant fails to explain why these admissions have no relevance to her argument that she was entitled to setoffs. Instead, she simply states it as fact. As a result, the argument is abandoned. See *Seifeddine v Jabber*, 327 Mich App 514, 519; 934 NW2d 64 (2019) ("A party may not simply announce a position and leave it to this Court to make the party's arguments and search for authority to support the party's position.").

But even if the argument were not abandoned, it has no merit. She contends that plaintiff failed to perform or negligently performed the work on the construction site and, therefore, does not owe plaintiff the full amount from the invoices. But she cannot do so having admitted that she

owes plaintiff the amount sought in the complaint ($48,406.42), and having admitted she did not incur any damages as a result of plaintiff's work.

Affirmed. Plaintiff, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly