**JONES, Plaintiff-Appellant, v. JONES, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4826. Decided October 24, 1952.

Schwartz & Gurevitz, Columbus, for plaintiff-appellant.
J. F. Atwood, John M. Scott, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

Submitted on motion of the defendant-appellee seeking an order dismissing the appeal for the reason that the same is not a final order. The notice of appeal is directed to the order entered on July 18, 1952, wherein the Court found,

"that the dower interest of Anna B. Jones in the undivided one-half interest of Percy D. Jones is Seven Thousand Seven Hundred Sixteen Dollars and Eighty-three cents ($7,716.83) and the Sheriff is hereby ordered to pay to Anna B. Jones, out of the one-half interest of Percy D. Jones, the sum of Seven Thousand Seven Hundred Sixteen Dollars and Eighty-three Cents ($7,716.83). To all of which plaintiff excepts."

The appellee urges that this is merely a determination of the amount of dower to which the defendant was entitled and does not affect a substantial right; that the judgment entry decreeing the appellee was entitled to dower was filed on January 21, 1952, which is the final order from which an appeal should have been taken.

The motion will be overruled for the following reasons:

1. No assignment of errors has been filed; therefore we cannot at this time determine whether or not the claimed errors affect a substantial right; neither can we tell whether a bill of exceptions is necessary to exemplify the errors complained of, none having been filed.

2. The order appealed from is the only one that determines the action. That of January 21, 1952, was merely a finding which left something further to be done at a future date. In **Diemer v. The Putnam County Farmers Mutual Ins. Co., 81 Oh Ap 185**, we find a parallel state of facts, the Court here holding that in an action brought on a fire insurance contract, for the loss of grain destroyed by fire, an order of the Court finding that plaintiff is entitled to recover but stating that the value of the loss is to be determined at a future time by the Court, is not a final order from which an appeal will lie. By virtue of this authority, the decree of January 21, 1952, was not an appealable order. See also **Reliance Insurance Co. v. Pohlking, 27 Abs 248.**

In Longworth v. Mullaly, 2 Hand 131, 12 O. Dec. Rep. 366, the Court said:

"A final order must, in effect, determine the action. If after an order the action still remains pending, awaiting some further order as to the rights of the parties, it cannot, of course, be considered a final order."

The motion will therefore be overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.