**LYDDY, Appellant,**

v.

**LYDDY, Appellee.**

[Cite as *Lyddy v. Lyddy* (1989), 64 Ohio App.3d 561.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–245.

Decided Oct. 6, 1989.

*Peter L. Moran,* for appellee Veronica M. Lyddy.

HANDWORK, Presiding Judge.

This matter is before the court on appellee's motion to dismiss and for attorney fees. Appellee states that this appeal is not timely filed and is frivolous, as it does not arise from a final appealable order. Appellee, therefore, requests this court to dismiss the appeal and to grant costs and fees to appellee.

In support of her statement, appellee points out that the Lucas County Court of Common Pleas filed a judgment entry on November 16, 1987, which ordered that a qualified domestic relations order be entered. Thereafter, three different attempts were made to implement a qualified domestic relations order, with the third proposal being approved by the administrator of appellant's pension plan. The third plan was journalized in a judgment entry

of the Lucas County Court of Common Pleas, file stamped July 19, 1989, and appellant filed this appeal from the third plan on August 17, 1989. Appellee contends that appellant should have appealed from the November 16, 1987 judgment entry which originally ordered that a qualified domestic relations order be entered, and since more than thirty days have transpired since that order was entered this appeal is not timely. Appellee further contends that the July 19, 1989 order is not final and appealable. While we recognize that this appears to be a case of first impression, appellee cites no authority and advances no reasoning to support her contentions. For the following reasons, we cannot rule in appellee's favor.

The General Assembly has established criteria for determining when an order is final and appealable. The applicable statute reads, in pertinent part:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * * is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial." R.C. 2505.02.

This court has not yet received appellant's assignments of error and is precluded from determining whether a substantial right has been affected by the order from which appellant appeals. See *Jones v. Jones* (App.1952), 72 Ohio Law Abs. 259, 260, 134 N.E.2d 735. Furthermore, this court is not convinced that the November 16, 1987 order was final and appealable since further action had to be taken at a future date. *Id.* at 260. That further action which remained to be taken was the filing and approval of the qualified domestic relations order. Until that action was completed, appellant was unable to determine exactly how his pension would be affected. Therefore, a strong possibility exists that the order appealed from actually set the terms which will be in dispute in this action. Accordingly, appellee's motion to dismiss and for attorney fees is found not well taken and is denied.

It is so ordered.

*Motion denied.*

CONNORS and ABOOD, JJ., concur.