DECISION AND JUDGMENT ENTRY
{¶ 1} This case comes to us on appeal from the Lucas County Court of Common Pleas, Domestic Relations Division, which approved and filed a Qualified Domestic Relations Order ("QDRO") for each of two pension plans. Because we find that appellant Kenneth Coutcher did not timely appeal, we dismiss the appeal.
 {¶ 2} The parties were divorced in Lucas County in 1986. At that time, and at all times relevant to this litigation, appellant was a sheet metal worker who had two pension plans: the Toledo Area Sheet Metal Workers Pension Plan ("the local plan") and the Sheet Metal Workers National Pension Fund ("the national plan"). For reasons not pertinent to this decision, the existence of the national plan was not disclosed at the time of the divorce, and the final decree of divorce in 1986 dealt only with the local plan. The final decree of divorce ordered that a QDRO be prepared and filed for the local plan, and it specified that the QDRO should provide for appellee Judith Coutcher to "receive fifty (50%) percent of the value of the pension and interest accumulated as of August 25, 1986. The defendant [appellant] shall receive any contributions paid to the plan after August 25, 1986." Though a signed copy of this QDRO is attached as an exhibit to the final decree, it apparently was never filed.
 {¶ 3} In 2000, appellee learned of the existence of the national plan. She therefore had two new QDROs executed, one for each plan, and she sent them to appellant for signature. Appellant refused to sign them. Appellee then filed with the court a "Motion to Approve QDROS and/or Motion to Vacate Property Settlement Under Rule 60(B) and For Attorney Fees and Costs." Attached to this motion were the two QDROs, which provided a method for calculating appellee's interest in the plans that differed from the method set forth in the original decree and QDRO. The difference between the original QDRO and the later two is that, in the original, appellee was to receive one-half of the benefits calculated at the time of the divorce, while in the later QDROs she was to receive 50 percent of a fraction of the benefits based on the number of years of appellant's credited service during the marriage and the number of years of appellant's total credited service. However, the later QDROs called for the calculation to be done not at the time of the divorce, but at a later date — either the date on which appellee applied for benefits or appellant's earliest retirement date. According to appellant, the later calculation is more advantageous to appellee, and it is not the calculation they agreed upon in 1986. The Supreme Court of Ohio specifically approved of the second method of calculation in Hoyt v. Hoyt
(1990), 53 Ohio St.3d 177, a case obviously not decided at the time of the original divorce decree in 1986.
 {¶ 4} The trial court granted appellee's motion, noting that it was construing the motion as a "Motion to Enforce the Property Division in the Original Judgment Entry." The trial court reasoned that the original order was ambiguous and that it retained jurisdiction to construe its own orders. Finding that the parties intended to include all pensions in the property settlement, the court ordered that the national plan should be included in an "Amended QDRO" with 50 percent of the assets payable to appellee as the alternate payee.
 {¶ 5} Thereafter, on May 25, 2001, appellee filed the later two QDROs. Appellant did not appeal the filing of the QDROs at this time. Instead, on August 14, 2001, appellant filed with the trial court "Objections to Approval of Proposed QDRO and Request for Evidentiary Hearing." Appellant challenged the calculations in the two new QDROs. On February 7, 2002, the trial court denied (or overruled) appellant's objections, noting that the two new QDROs granted appellee nothing more than she would be entitled to under Hoyt.[1] Appellant appeals from that judgment, setting forth the following assignments of error:
 {¶ 6} "A. First assignment of error:
 {¶ 7} "The trial court erred in modifying the original QDRO filed in this case because it lacked subject matter jurisdiction.
 {¶ 8} "1. The use of a time-based formula to calculate pre-divorce pension benefits in a post-divorce case requires the judgment of divorce to permit an exercise of continuing jurisdiction for such a purpose, which is not present in this case.
 {¶ 9} "B. Second assignment of error:
 {¶ 10} "The use of Rule 60(B), Ohio Rules of Civil Procedure as a vehicle to modify a 1986 divorce decree is impermissible on the facts of this case."
 {¶ 11} This court has previously held that the filing of a QDRO is a final, appealable order. See Lyddy v. Lyddy (1989), 64 Ohio App.3d 561,562. Other courts have held similarly. See, e.g., Scott v. Scott (2000), Allen App. No. 1-99-79; Procuniar v. Procuniar (1995), Greene App. No. 95-CA-19. Therefore, appellant should have appealed from the May 25, 2001 filing of the two new QDROs. He did not. Instead, he filed "objections" to the trial court's approval of the QDROs, which we take to be in the nature of a motion for reconsideration. Of course, motions for reconsideration following a final order are a nullity. Pitts v. OhioDept. of Transp. (1981), 67 Ohio St.2d 378, paragraph one of the syllabus, 379-380; D'Agastino v. Uniroyal-Goodrich Tire Co. (1998),129 Ohio App.3d 281, 288. Therefore, appellant failed to appeal within 30 days from the May 25, 2001 final, appealable order and instead appealed from an order that is a nullity. For this reason, we find that the appeal must be dismissed.
 {¶ 12} Upon consideration whereof, the appeal is dismissed. Appellant is ordered to pay the court costs of this appeal.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] On the same day, the trial court also approved and filed an amended QDRO for the national plan.