JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Debbie Moss Batt ("Debbie") appeals from an order of the Cuyahoga County Court of Common Pleas, Domestic Relations Division regarding the Qualified Domestic Relations Order ("QDRO") issued on March 13, 2003. For the following reasons, we dismiss the appeal.
 {¶ 2} On October 5, 2001, Debbie and defendant-appellee John P. Batt ("John") were granted a divorce and the marital property was divided. The divorce decree provided that a QDRO would be issued pertaining to John's retirement plan at Calfee, Halter 
Griswold ("the Profit Sharing Plan"). Specifically, the decree provided the following: "With the exception of any of Defendant, John P. Batt's interest in the VCM Limited Partnership that is not being held in the retirement plan, the qualified domestic relations order shall set forth the equal division of Defendant, John P. Batt's investment holdings, between the parties. The Plan Administrator shall divide the Defendant, John P. Batt's retirement plan assets equally between the parties, pertaining to all investment vehicles. The Plaintiff, Debbie Moss Batt's share of the Lincap Investments shall be held in trust for the benefit of the parties' two (2) minor children."
 {¶ 3} On March 13, 2002, the trial court issued a QDRO to divide the assets in the Profit Sharing Plan. The trial court also provided for the division of the Lincap Investments as follows: "Excluded from the foregoing is the Lincap Investment, the total of which, shall be divided via a supplemental Qualified Domestic Relations Order for the benefit of the parties' two children. Alternate Payee shall be designated as trustee of the fund. Participant shall prepare the Qualified Domestic Relations Order."
 {¶ 4} On April 8, 2003, Debbie filed a motion to vacate the QDRO issued on March 11, 2003 because it did not comport with the divorce decree or intent of the parties. Specifically, Debbie stated that the divorce decree did not provide for a second QDRO to divide the assets of the Lincap Investments. On August 14, 2003, the trial court denied the motion to vacate.
 {¶ 5} It is from these orders that Debbie appeals and raises two assignments of error for our review:
 {¶ 6} "I. The trial court abused its discretion by issuing a judgment entry that fails to comport with the parties' in-court agreement and judgment entry of divorce.
 {¶ 7} "II. The trial court erred by summarily denying the appellant's motion to vacate judgment entry."
 {¶ 8} This Court has jurisdiction to "review, affirm, modify, set aside, or reverse judgments or final orders." R.C. 2501.02. A judgment apportioning pension benefits between ex-spouses is not a final appealable order until such time as the QDRO is entered that disposes of all the retirement benefits. Lyddy v. Lyddy
(1989), 64 Ohio App.3d 561, 562; Kofol v. Kofol (June 17, 1999), Cuyahoga App. No. 74191. Here, the QDRO entered by the trial court on March 13, 2003 does not make a final appealable determination as to the property division since the Lincap Investments are subject to a supplemental QDRO, which has not been prepared or entered yet. Indeed, until the supplemental QDRO is entered and issued, there can be no certainty that the plan division will be rejected. See Scott v. Scott (Feb. 8, 2000), Allen App. No. 1-99-79.
 {¶ 9} Since we do not have jurisdiction to rule on this appeal, it is dismissed.
 {¶ 10} The appeal is dismissed.
Appeal dismissed.
Gallagher and Rocco, JJ., concur.
It is ordered that appellee recover of appellant his costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.