JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Vivian E. Cooper appeals from various rulings by the Cuyahoga County Court of Common Pleas, Domestic Relations Division, in relation to her divorce from plaintiff-appellee Ben J. Cooper. For the reasons stated below, the case is dismissed for lack of a final appealable order.
 {¶ 2} This court has jurisdiction to "review, affirm, modify, set aside, or reverse judgments or final orders." R.C. 2501.02. A judgment apportioning pension benefits between ex-spouses is not a final order until a Qualified Domestic Relations Order ("QDRO") is entered that disposes of all the retirement benefits. Lyddy v. Lyddy (1989),64 Ohio App.3d 561.
 {¶ 3} In the case sub judice, the judgment entry issued by the court states: "The Wife's share to the Husband's pension shall be ordered by a separate order called a Qualified Domestic Relations Order." The record indicates that the QDRO was not entered prior to the instant appeal. Therefore, we are without jurisdiction to review the case. Batt v. Batt,
Cuyahoga App. Nos. 82740 and 83452, 2004-Ohio-1680.
Appeal dismissed.
It is ordered that appellee recover of appellant his costs herein taxed.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Domestic Relations Division, directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J., concur.